## J. W. GRIFFIN v. H. B. TUCKER, COUNTY ATTORNEY.

### Decided June 29, 1908.

**1.—Election—Local Option—Political Subdivision—Cases Distinguished.**

A local option election may be held in a commissioner's precinct composed of two justice's precincts in one of which local option is in force and in the other it is not. The fact that an existing political subdivision of a county may be composed of several smaller political subdivisions in no way affects the right of such larger subdivision to hold a local option election. Ex parte Heyman, 45 Texas Crim. Rep., 532, and ex parte Mills, 79 S. W., 555, distinguished.

**2.—Same—Same—Form of Ballot.**

The provisions of the Revised Statutes contained in articles 3388, 3390 and 3397, concerning the form of ballot in local option elections, are mandatory and must be strictly followed. Because the statute prescribes that in such elections the ballots must have printed or written on them the words "For Prohibition" or "Against Prohibition," ballots having printed or written on them the words "For Local Option" or "Against Local Option," are illegal and can not be counted in determining the result of such election.

**3.—Same—Same—New Election.**

When the number of legal ballots cast at an election do not constitute a majority of all the votes polled and the result of the election is therefore impossible of ascertainment from the face of the returns, the election should be declared void and a new election ordered.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Marshall & Marshall*, for appellant.—Constitution, art. 16, sec. 20: "The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice precinct, town, city (or such subdivision of the county as may be designated by the Commissioners Court of said county), may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." Rev. Stats., art. 3384; Rippy v. State, 68 S. W., 687; Ex parte Fields, 39 Texas Crim. Rep., 50; Ex parte Heyman, 45 Texas Crim. Rep., 532.

By statute, article 3384, as amended by Acts of Twenty-fifth Legislature, and by the numerous decisions of higher courts, it has been decided that the commissioner's precincts of a county are political subdivisions such as is contemplated by the Constitution in providing for local option elections in subdivisions. Ex parte Heyman, 45 Texas Crim. Rep., 532; Rippy v. State, 68 S. W., 687.

Those statutes relating to the formation of ballots should be construed as directory, and not mandatory, when there is no penalty annexed for not doing so, unless the statute also provides that said ballots shall not be counted unless it be in a certain form. Rev. Stats., art. 3388; Kulp v. Railey, 99 Texas, 310; Ex parte Anderson, 51 Texas Crim. Rep., 239; King v. State, 5 Texas Ct. Rep., 818; Murray v. State, 21 Texas App., 477; Fowler v. State, 68 Texas, 35.

Errors of officers in charge of prescribing the form of ballots should not vitiate a ballot otherwise legally correct, nor mistakes in form of ballot, when the intent can be gathered therefrom. Such errors are

merely irregularities. King v. State, 5 Texas Ct. Rep., 818; Kulp v. Railey, 99 Texas, 310; Bowers v. Smith, 33 Am. St. Rep., 491; 10 Am. & Eng., 723.

*Geo. B. Clough,* for appellee.—Where local option has been put in effect in a recognized political subdivision, it becomes segregated and separated from every other part and parcel of a county for the purpose of regulating the sale of intoxicating liquors through that statute law commonly called Local Option. Ex parte Heyman, 78 S. W., 349; Ex parte Mills, 79 S. W., 555; Ex parte Randall, 98 S. W., 870; Ex parte Pollard, 103 S. W., 878; Medford v. State, 74 S. W., 768; Woods v. State, 75 S. W., 37; Fields v. State, 86 S. W., 1022; Ex parte Elliott, 72 S. W., 837.

A Commissioner's Court is without authority to order an election for the purpose of determining whether the sale of intoxicating liquors shall be prohibited for a political subdivision comprising two justice precincts where it had been previously determined by elections that the sale of intoxicating liquors should be prohibited in one and not in the other. Ex parte Heyman, 78 S. W., 353; Ex parte Pollard, 103 S. W., 878; Ex parte Mills, 79 S. W., 555; Ex parte Haney, 103 S. W., 1155.

Local option territories can not be combined into a single political subdivision for the purpose of using the great majority of one to carry the election in the other; the voters of each are entitled to have their votes engrafted into law without the aid or the influence for or against the voters of the other. Ex parte Heyman, 78 S. W., 353; Ex parte Elliott, 72 S. W., 837; Ex parte Wells, 78 S. W., 928.

The statute providing the form of ballot to be used in local option elections is mandatory; no other form or character of ballot can be counted or considered in determining the result of the election. Rev. Stats., arts. 3390, 3292; Prestwood v. Borland, 9 So., 223.

PLEASANTS, CHIEF JUSTICE.—This proceeding was instituted by appellant to contest the declared result of an election held in commissioner's precinct No. 3 of Liberty County on July 27, 1907, to determine whether intoxicating liquor should be sold in said precinct.

Said commissioner's precinct No. 3 is composed of justices' precincts Nos. 3 and 6. At the time this election was ordered prohibition under the local option laws of this State was in force in justice's precinct No. 3, but was not in force in justice's precinct No. 6, and no election to determine the question of whether intoxicating liquor should be sold therein had been held in either of said precincts within the two years preceding the order for said election in commissioner's precinct No. 3.

The ballots used at this election were ordered by the county judge of Liberty County and sent by him to the election officers at the several voting boxes in said precinct, and were furnished the voters by said officers as provided in the general election law. These ballots had printed thereon the following: "For Local Option" and "Against Local Option." No other ballots were used at said election, but a number of the voters erased the words "For Local Option" and "Against Local Option" and wrote thereon "For Prohibition" or "Against Prohibition," in accordance with their views upon the question submitted in the call for

the election. Many of the voters, however, used the ballots as printed, and voted "For Local Option" or "Against Local Option."

If all of the ballots are counted, those reading "For Local Option" and "For Prohibition" exceed in number those reading "Against Local Option" and "Against Prohibition." The number of ballots "Against Prohibition" exceeds the number "For Prohibition."

The Commissioners Court, at a meeting held on August 7th for the purpose of opening the returns, counting the votes and declaring the result of said election, made the following order:

"Commissioners Court met in special session August 7, 1907, for the purpose of opening the polls and counting the votes of a local option election, or an election to determine whether the sale of intoxicating liquors should be prohibited in commissioner's precinct No. 3, Liberty County, Texas, said election being held on the 27th day of July, 1907. Commissioners present were: (naming them). After opening the polls, counting the votes and thoroughly canvassing the returns, it is ordered that, inasmuch as this court is unable, by reason of irregularities in the ballots and returns, to determine the true expression of the voters in said election, that said election be, and the same is, hereby declared void and of no effect, and that this court declare neither 'For Prohibition' nor 'Against Prohibition.'

"To this order I. B. Simmons, county judge, very respectfully protests.

"It is further ordered in the alternative that in case the above order can not be made effective because of lack of power or jurisdiction in this Court to declare said election void, that the result of said election be, and the same is, hereby declared 'Against Prohibition.'"

Upon a hearing of appellant's contest the court below held that the election was void because the Commissioners Court, under the facts before stated, had no authority to order a local option election for said commissioner's precinct.

Article 16, section 20, of the Constitution of this State, is as follows: "The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice precinct, town, city (or such subdivision of the county as may be designated by the Commissioners Court of said county) may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

In obedience to this constitutional mandate the Legislature has enacted the following statute:

"The Commissioners Court of each county in the State, whenever they deem it expedient, may order an election, to be held by the qualified voters of said county, or of any commissioner's or justice's precinct, or school district, or any two or more of any such political subdivisions of a county, as may be designated by the Commissioners Court of said county, to determine whether or not the sale of intoxicating liquors shall be prohibited in such county, or commissioner's, or justice's precinct, or school district, or any two or more of any such political subdivisions of such county, or any town or city; provided, it shall be the duty of said Commissioners Court to order the election as aforesaid whenever petitioned so to do by as many as two hundred and fifty voters in any county, or fifty voters in any other political subdivision of the county or

school district, as shall be designated by said court, or in any city or town, as the case may be; provided, that if the precinct or precincts designated embrace within the (their) limits an incorporated town or city, then such election shall only be ordered when the petition for the same is signed by qualified voters, not less than one-tenth in number of the total vote cast for governor at the next preceding general election in such incorporated town or city; and in case an election is asked for a subdivision of said county, composed of two or more complete commissioners' or justices' precincts or school districts, such petition shall describe such subdivision by metes and bounds, as well as by the proper numbers of such precincts or school districts; and said petition and the description of such subdivision shall be recorded in full in the minutes of the Commissioners Court, and such description shall be embraced in the notice given for such election; provided, that where a school district, city or town may be composed in part of two or more subdivisions of the county, named hereinbefore, the right to order and hold an election in such school district, city or town shall not be denied; and provided further, that no city or town shall be divided in holding a local option election for any of the other subdivisions named herein; nor shall any school district which has adopted local option be divided in a subsequent election held for any other of such subdivisions covering a part of the territory of such school district."

This statute has been frequently passed upon by our Court of Criminal Appeals, and while portions of it have been declared repugnant to the provision of the Constitution above quoted, that portion which authorizes the Commissioners Court to order a local option election for a commissioner's precinct has been expressly declared valid.

In the cases of Ex parte Heyman, 45 Texas Crim. Rep., 532, and Ex parte Mills, 46 Texas Crim. Rep., 224, the court before mentioned holds that the provision in the article above quoted which authorizes the Commissioners Court to order a local option election for two or more of the political subdivisions of a county was invalid, for the reason that the Constitution contemplates that each of such political subdivisions shall determine for itself the question of whether prohibition shall prevail therein. The question of the authority of a Commissioners Court to order a local option election for a commissioner's precinct composed of two or more justices' precincts was not involved in either of these cases. There are expressions in the opinions in these cases which apparently sustain the contention of appellee that a local option election can not be legally held in a political subdivision of a county composed of several smaller political subdivisions which do not occupy the same status as to local option, but the opinions must be interpreted with reference to the exact question before the court, and we do not think the court intended to hold as contended by appellee. The expressions which, considered without reference to the question before the court, seem to sustain appellee's contention, are but argumentative reasons given by the court in support of the holding that several subdivisions of a county can not be combined for local option purposes only. The constitutional right of the inhabitants of a commissioner's precinct to have the question of prohibition submitted to the voters of such precinct is no more affected by the fact that such precinct is composed of smaller political subdivisions,

some of which have previously voted in favor of prohibition and some against it, than would the right of the county to vote upon such question be affected by the fact that, in some of its smaller political subdivisions, prohibition was in force, and in others it had been defeated.

We do not think this holding conflicts with the opinions in the cases cited. It is entirely consistent to hold that, under the provision of the Constitution before quoted, the Legislature was not authorized to empower the Commissioners Court to combine several political subdivisions of a county into one larger subdivision for local option purposes only, and order a local option election in such larger subdivisions, and to further hold that the fact that an existing political subdivision of a county may be composed of several smaller political subdivisions, in no way affects the right of said larger subdivision to hold a local option election. We think the trial court erred in holding that the election in question in this case was void on the ground stated.

The statute provides that if, upon a trial of a contest of this kind, it should appear from the evidence "that the election was illegally or fraudulently conducted, or that, by the action or want of action on the part of the officers to whom was entrusted the control of such election, such a number of legal voters was denied the privilege of voting as, had they been allowed to vote, might have materially changed the result; or if it appears from the evidence that such irregularities existed as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge such election to be void, and shall order the proper officers to order another election to be held, etc." Art. 3397, Sayles' Statutes.

Article 3388 of the Revised Statutes, prescribing the form of ballots to be used in all elections held under the local option law, provides that, "At said election those who favor the prohibition of the sale of intoxicating liquor within the proposed limits shall have written or printed on their tickets the words 'For Prohibition,' and those who oppose it shall have written or printed on their tickets the words 'Against Prohibition.' "

Article 3390 provides that on the eleventh day after the holding of the election, or as soon thereafter as practicable, the Commissioners Court shall hold a special session for the purpose of opening the polls and counting the votes; "and if a majority of the votes are 'For Prohibition,' said court shall immediately make an order declaring the result of said vote, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits," etc.

Under these provisions of the statute it is clear that the Commissioners Court were not authorized to count the ballots reading "For Local Option" or those reading "Against Local Option." The statute prescribing the form of the ballot is mandatory and must be strictly followed.

It may be a reasonable inference that those who voted for local option intended to vote for prohibition, and those who voted against local option intended to vote against prohibition, but the literal meaning of the words is entirely different, and under the mandatory provisions of the statute before quoted the intention of the voter must be expressed by writing or printing upon his ballot the words prescribed in the statute, and can not be left to inference or be shown by parol evidence. The

local option law is a penal law, and it has been uniformly held by our Court of Criminal Appeals that, unless it is strictly followed in all of the proceedings necessary to put it into operation, the order declaring it to be in force in the particular territory is void.

In the case of Ex parte Kramer, 19 Texas App., 123, that court, in passing upon the validity of a local option election, says: "If the election was not conducted in accordance with the requirement of the law it is void and not merely voidable, and all proceedings had under and by virtue of such void election are absolutely void, and may be questioned not only directly, but collaterally." Boone v. State, 10 Texas Crim. App., 418; Prather v. State, 12 Texas Crim. App., 401; McMillan v. State, 18 Texas Crim. App., 375; Ex parte Conley, 75 S. W., 301.

While the ballots reading "For Local Option" and "Against Local Option" can not be counted for or against prohibition, they were votes polled at the election, and neither the ballots reading "For Prohibition" or "Against Prohibition" are a majority of all the votes polled, and therefore the result of the election is impossible of ascertainment from the face of the returns. The use of these illegal ballots, which were furnished the voters by the officers of the election, being such an irregularity as renders the result of the election impossible to be arrived at, under the provisions of article 3397 before quoted, the election must be declared void, and the proper officer ordered to order a new election.

From these conclusions it follows that the judgment of the lower court should be reversed and judgment here rendered as above indicated, and it has been so ordered.

*Reversed and rendered.*