**ANDEREGG v. ANDEREGG et al.**

No. 9223.

Court of Civil Appeals of Texas. San Antonio.

Jan. 10, 1934.

Rehearing Denied Feb. 14, 1934.

Alfred Petsch, of Fredericksburg, for appellant.

Morriss & Morriss, of San Antonio, for appellees.

MURRAY, Justice.

Appellees, Bessie Anderegg and her husband, D. L. Anderegg, instituted this suit seeking to recover from appellant, Martin

Anderegg, a triangular piece of land, the sides of which were each 6.5 feet, the hypotenuse was 8½ feet, and containing about 21 square feet of land. This small piece of land had been used by appellees as a passageway connecting two tracts of land owned by Bessie Anderegg.

This piece of land was claimed by Bessie Anderegg on two theories: First, that she had acquired it by a parol exchange of land; and, second, that she had acquired it by prescription.

Bessie Anderegg further asked for damages for the alleged unlawful closing up of said passageway by appellant.

These three matters were submitted to the jury in three special issues. The jury found against appellees on the first and third issues, but found in appellees' favor as to the second issue. In other words, the effect of the jury's findings was that appellees did not acquire title to this piece of land by a parol exchange, that they did acquire it by prescription, and that they had not suffered any damages by reason of the closing up of the passageway.

■ Appellant first complains of the submission of the first issue to the jury, because his exception should have been sustained and this matter eliminated, and it unnecessarily took up time of the court and counsel and required him to make many objections in the presence of the jury, which were overruled by the court and thereby discredited him before the jury. In view of the fact that this issue was answered favorably to appellant, the submitting of it to the jury could not constitute reversible error.

■ Appellant next complains that the evidence was insufficient to support the finding of the jury in answering the second issue in favor of appellees, in that the evidence did not show an adverse use of the passageway, but, on the contrary, showed that such user was by permission.

The evidence discloses that appellees had used this passageway for many years; that they had never asked permission from any one; that they had built a plank gate across this passageway. Appellee D. L. Anderegg testified that he had purchased this passageway many years ago by a parol exchange of land, that he had claimed the same ever since and used it without the permission of any one, and that such user had been open, adverse, under claim of right, and continuous for more than ten years. Under such facts and circumstances the question of prescription became a question of fact for the jury, and we find no reason for setting aside the finding of the jury on this issue. Davis v. Meckel (Tex. Civ. App.) 57 S.W.(2d) 622; Boone v. City of Stephenville (Tex. Civ. App.) 37 S.W.(2d) 842, and authorities therein cited.

■ Appellant's third complaint is that the jury's answer to issue 3 is in conflict with their answer to issue 2, and that a judgment for appellees could not be based upon these conflicting findings. Appellant points out that it is undisputed that appellant did in fact close up this passageway; that appellees were thereby deprived of the use of one of their tracts of land for about four years; that the reasonable rental value of this tract of land was $240; that, if appellees were entitled to this passageway, they should have recovered this damage; yet the jury answered that they were not entitled to any damages whatsoever.

This does not present such a conflict of findings as to render it improper for the trial court to enter judgment giving appellees this passageway by right of prescription. The two issues related to entirely different matters, and the jury's apparent inconsistent findings on these two issues do not render it improper for appellees to be permitted to recover this passageway, which the jury definitely found they were entitled to recover by their answer to issue 2.

The trial court properly permitted appellees to recover this passageway.

The judgment is affirmed.