## MOYER et al. v. KELLEY et al.

### No. 9979.

Court of Civil Appeals of Texas. San Antonio.

March 25, 1936.

Rehearing Denied April 15, 1936.

S. N. McWhorter, of Weslaco, and Johnston & Newland, of Harlingen, for appellants.

P. G. Greenwood, of Harlingen, for appellees.

MURRAY, Justice.

This is a contest of a local option election held under the provisions of "The Texas Liquor Control Act," passed at the Second Called Session of the Forty-Fourth Legislature, 1935 (chapter 467 [Vernon's Ann.P.C. art. 666—1 et seq.]). The election was held in justice of the peace precinct No. 7 of Hidalgo county.

Prior to this election liquor could lawfully be sold in precinct No. 7, or, in other words, it was what is commonly called a wet precinct. The official ballot at this election had printed on it: "For Legalizing the Sale of All Liquors." "Against Legalizing the Sale of All Liquors."

At said election a majority of the voters voted against legalizing the sale of all liquors.

Appellants, J. Paul Moyer and others, as contestants below, attack the validity of this election on the ground that, the acts of the Legislature having prescribed the form of the ballot in this character of elections, such provisions are mandatory and failure to comply with them renders the election voidable.

The trial court sustained a general demurrer to contestants' petition, and, upon their refusal to amend, dismissed the contest, from which judgment this appeal has been prosecuted.

The present Liquor Control Act provides for the holding of local option elections to determine whether or not liquors are to be sold within certain political subdivisions of the state.

Two general classes of elections are contemplated, one where the sale of liquors is to be made lawful or unlawful, and the other where various classes of liquors are to be prohibited or not, as may be decided in the election.

Section 35 of article 1, the Liquor Control Act (Vernon's Ann.P.C. art. 666—35) applies where the first class of election is to be held and prescribes the form of ballot to be used in the following language: "Sec. 35. (a) At said election the vote shall be by official ballot which shall have printed or written at the top thereof in plain letters the words 'Official Ballot.' Said ballot shall have also written or printed thereon the words 'For the sale of liquor,' and the words, 'Against the sale of liquor,' or words appropriate to the election ordered." Vernon's Ann.P.C. art. 666—35(a).

■■■ It will be noted this section uses the word "shall," which is generally construed to be mandatory. The phrase "or words appropriate to the election ordered" unquestionably refers to the second class of elections where the various types of liquor are voted on, as provided for in section 40 of article 1 of the act (Vernon's Ann.P.C. art. 666—40), reading as follows:

"Sec. 40. The Commissioners Court upon its own motion may, or upon petition as herein provided shall, as provided in Section 32 (Art. 666—32), order local option elections for the purpose of determining whether liquor of the various types and alcoholic contents herein provided shall be legalized or prohibited.

"In areas where the issue or issues to be submitted pertain to the legalization of the sale of liquor, one or more of the following issues may be submitted:

"(a) 'For legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight,' and 'Against legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight.'

"(b) 'For legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume,' and 'Against legalizing the sale of vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume.'

"(c) 'For legalizing the sale of all liquors,' and 'Against legalizing the sale of all liquors.'

"In areas where the issue or issues to be submitted pertain to the prohibition of the sale of liquor of any type or types, one or more of the following issues may be submitted:

"(a) 'For prohibiting the sale of all liquors, except vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight,' and 'Against prohibiting the sale of all liquors, except vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight.'

"(b) 'For prohibiting the sale of all liquors, except vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume,' and 'Against prohibiting the sale of all liquors, except vinous and malt liquors that do not contain alcohol in excess of fourteen per cent (14%) by volume.'

"(c) 'For prohibiting the sale of all liquors' and 'Against prohibiting the sale of all liquors.'"

It will be noted that the word "may" is used in section 40, which we construe to mean that one or more of these issues may be submitted at one election, but does

504

not mean that some form of ballot other than is therein set forth can properly be used. The word "shall" found in section 35(a) makes it mandatory that the form of ballot therein given, or one or more of the forms of ballots set forth in section 40, shall be used in all elections held on the liquor question.

■ It will be noted that the form of the ballot used in the election under consideration is that prescribed by what we will call (c) 1, of section 40. The other paragraph (c) of section 40 will be referred to as (c) 2. It is plain from reading section 40 of the act that the form of ballot prescribed in paragraph (c) 1 is to be used in so-called dry territory, where an election is called for the purpose of legalizing the sale of all liquors, while the form of ballot prescribed in paragraph (c) 2 is intended for use in wet territory, where an election is called for the purpose of making the sale of all liquors illegal. Here, the area being wet territory, the form of ballot prescribed in paragraph (c) 2 should have been used. In other words, the issue to be voted upon was not to legalize the sale of all liquors, but to prohibit the sale of all liquors. The failure to use the form of ballot prescribed by statute constitutes a violation of the mandatory provisions of the Liquor Control Act and renders the election voidable, when seasonably attacked in a proper election contest. Cain, County Attorney, v. Garvey (Tex.Civ.App.) 187 S.W. 1111; Griffin v. Tucker, County Attorney, 51 Tex.Civ.App. 522, 119 S.W. 338.

The importance of a strict compliance with the mandatory provisions of the Liquor Control Act will be readily understood when it is considered that at least three distinct and different characters of elections are authorized by the act: One for prohibiting the sale of all liquors, another for prohibiting the sale of all liquors containing more than 14 per cent. alcohol by volume, and still another for prohibiting the sale of all liquors containing more than 4 per cent. alcohol by weight. Unless the exact form of ballot prescribed by the act is used, confusion is almost sure to arise among the voters as to just what kind of an election is being held. In fact, appellants attach to their petition certain campaign literature strongly evidencing the fact that confusion did arise in the instant election, due to the wrong form of ballot having been used in the election.

We are of the opinion that appellants' petition states a good cause of action and that the general demurrer should not have been sustained.

Accordingly, the judgment of the trial court will be reversed and the cause remanded.