### JONES v. THREET et al.

### No. 13833.

Court of Civil Appeals of Texas.
Fort Worth.

May 6, 1938.

Spence & Anglin, of Wichita Falls, for appellant.

Millard Threet, Co. Atty., of Archer City, for appellees.

BROWN, Justice.

This is a local option election contest, and the case is brought to us on an agreed statement of facts. In the fore-front of the statement of facts it is agreed that Archer County has prohibited the sale of all liquors, save and except malt and vinous liquors containing alcohol not in excess of four per cent by weight. This fixes the status of the territory in which the election was held, towit, Justice's Precinct No. 7 of said County.

A petition signed by the required number of citizens and qualified voters of Justice's Precinct No. 7 in said County, praying the County Commissioners' Court to order an election to determine whether or not beer should continue to be sold and manufactured within the bounds of such subdivision of the County, was duly filed, and on December 27th, 1937, the Commissioners' Court of such County ordered such election to be held on January 15th, 1938, and in such order prescribed the official ballot to be used in the election, with the following propositions thereon: "For prohibiting the sale or manufacture of beer." "Against prohibiting the sale or manufacture of beer." The election being held, the result was canvassed by the Commissioners' Court on January 21st, 1938, at a special meeting called for such purpose, and an order entered declaring the result in the following words: "As a consequence the Court declares that the said election has resulted in the sale or manufacture of beer, upon this order becoming effective as provided for by law, being prohibited in said election district. It is therefore declared, ordered and decreed by this Court that said election has carried and a majority of the voters who cast their ballots and voted therein voted for prohibiting the sale or manufacture of beer, and upon this order becoming effective, as provided for by law, the sale or manufacture of beer shall be prohibited after thirty days from the date of this order in said election district."

C. R. Jones, the appellant, contested the election in the district court of Archer

County, and judgment having been rendered by such court holding that the election was valid, the cause is appealed to us.

 This case must be governed by Article 666 of the Penal Code and its many subdivisions, which was enacted through amendments in 1937, by the 45th Legislature of the State of Texas, Vernon's Ann. P.C. art. 666—1 et seq., said Act being effective September 1st, 1937. This is a Penal Statute, and we are compelled to give it a strict construction. Subdivision 40 of said Article 666, Vernon's Ann.P.C. specifically provides that the Commissioners' Court may, either upon petition, as provided for, or upon its own motion, order local option elections, for the purpose of determining whether liquor of the various types and alcoholic contents provided for in the Act shall be legalized or prohibited, and the issues to be submitted are specifically provided for in this subdivision.

First, it is said: "In areas where the issue or issues to be submitted pertain to the legalization of the sale of liquor, one or more of the following issues may be submitted." We are not interested in these issues, as they are not pertinent to the conditions found in the area in which the election under consideration was held. But we move on to the second portion of such subdivision 40, and find the following: "In areas where the issue or issues to be submitted pertain to the prohibition of the sale of liquor of any type or types, one or more of the following issues may be submitted: (a) 'For prohibiting the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight,' and 'against prohibiting the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight.' "

 Undoubtedly these were the issues which should have been submitted to the qualified voters in the territory involved.

In cause No. 13790, O. W. Akers et al. v. E. M. Remington et al., from the District Court of Young County, we held, in effect, that there being no specific issue provided for by the Legislature which covered the exact situation found in Young County at the time of the election, the ballot, which read, "for prohibiting the sale of beer containing alcohol not exceeding four per cent by weight" and "Against prohibiting the sale of beer containing alcohol not exceeding four per cent by weight", was sufficient. We reached this conclusion because it was made to affirmatively appear from the record that under a prior existing law the sale of 3.2 beer, as it was commonly called, had been legalized in Young County, and the ticket, as prescribed by the County Commissioners' Court of Young County, used the words that were more nearly applicable to the conditions that then obtained in Young County, when the election was called and held.

But we have a wholly different situation in the instant suit, in that it is agreed that Archer County had, prior to the election complained about, expressly prohibited the sale of all liquors, save and except the sale of malt and vinous liquors containing alcohol not in excess of four per cent by weight. That is to say, that the citizens of Archer County, in an election held for that purpose, had theretofore legalized the sale of malt and vinous liquors containing alcohol not in excess of four per cent by weight. Therefore, the election which was called in Justice's Precinct No. 7 of Archer County was one in which the citizens were called upon to decide whether or not they would prohibit the sale of vinous and malt liquors that do not contain alcohol in excess of four per cent (4%) by weight in such subdivision of the County.

The Legislature having prescribed the form of the issues to be submitted under the conditions which obtained in said subdivision of Archer County, it was obligatory upon the part of the Commissioners' Court of said County to submit the issue thus specifically prescribed.

We are reluctant to hold invalid such an election as this, and thus set aside the will of a majority of the qualified voters who participated in the election, but under the authorities, it is our manifest duty to do so, even though we are convinced that the results of the election would not have been different had the proper ballot been used. Coffee v. Lieb, Tex.Civ.App., 107 S.W.2d 406. We cite also the following cases in support of the conclusions reached by us: Flowers v. Shearer, 107 S.W.2d 1049; Moyer v. Kelley, 93 S.W.2d 502; Cain v. Garvey, 187 S.W. 1111; Gomez v. Timon, 60 Tex.Civ.App. 311, 128 S.W. 656; Griffin v. Tucker, 51 Tex.Civ.App. 522, 119 S.W. 338. The first assignment of error is therefore by us sustained.

The second assignment of error raises the question of the Clerk of the Commissioners' Court having actually entered in

562

the minutes an order calling for the election, which was not the order that was posted, as provided for by law, another and different order having been prepared, though not incorporated in the minutes of the Commissioners' Court, and having been posted prior to the election. The clerk of the Commissioners' Court was permitted to testify to these facts, over objection of the contestant and appellant here. Inasmuch as this matter will in all probability not arise again, we pretermit passing upon the assignment of error raising it.

For the reasons given, the judgment of the district court is reversed, and judgment is here rendered for appellant, declaring the said election void.