

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXX~~XXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 26, 1939

Hon. J. B. Engledow
Assistant County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:

Opinion No. O-654

Re: Effect of an election under
Texas Liquor Control Act, where
ballots are not canvassed nor
results declared and whether or
not Commissioners' Court auth-
orized to call an election sub-
mitting proper ballots within
twelve months.

     With further reference to your letter of April
17th, kindly be advised that this Department has consider-
ed your request as contained therein, for an opinion based
upon facts set forth in your letter.

     According to your letter, a prohibition election
was held in Limestone County on August 7, 1909. At an
election of March 10, 1934, the sale of 3.2% beer was
legalized by county-wide local option election. On October
29, 1938, a special election was held in Limestone County,
at which time the following ballot was submitted to the
voters:

"OFFICIAL BALLOT

"FOR – Prohibiting the sale of all alcoholic
      beverages
"AGAINST – Prohibiting the sale of all alco-
      holic beverages"

     We quote further from your letter as follows:

     "On November 3, 1938, H. Laughlin, a holder
of a retail beer dealer's license, was granted a
temporary injunction by the 77th District Court
of Limestone County against the Commissioners Court
of Limestone County, restraining said Commissioners
Court from canvassing the ballots, declaring and

and publishing the results of such election, etc. On January 14, 1939, upon a final hearing of said cause, the Court made said injunction permanent and no appeal was perfected therefrom. The Plaintiff in his petition and the Court in rendering its judgment proceeded upon the theory that the wording of the ballot submitted did not conform to the status of the county and did not comply with the provisions of Article 666-40 of Vernon's annotated Penal Code.

"Various citizens of this county have expressed their intention of petitioning the Commissioners Court to call another beer election and, in order that we may intelligently advise the court with reference thereto, we respectfully request your advice upon the following questions:

"1. In view of the holding of the above referred to election in Limestone County on October 29, 1938, would the Commissioners Court be authorized to call a beer election within twelve months after said date if properly petitioned to do so?

"2. If such an election may now be legally called, what form of ballot should be submitted?"

The provisions of the Texas Liquor Control Act, as found in Vernon's Annotated Penal Code of Texas, 1925, are set forth under Article 661-1 et seq. and Article 667-1 et seq. Article 666-32 reads as follows:

"The Commissioners Court of each county in the State upon its own motion may order an election to be held by the qualified voters in said county, to determine whether or not the sale of liquors shall be prohibited or legalized in such county, and such court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent of the qualified voters of said county, or of any justice precinct, city or town, taking the votes for Governor at the last preceding general election as the basis for determining the qualified voters in any such county, or political subdivision. After the first local option election held as provided in this Act, in any county, justice precinct, incorporated town, or city, no subsequent election upon the same issue in the same political subdivision shall be held within one (1) year from the date of the preceding local option election in said county, or

said political subdivision of said county."

Article 666-40, and its relevant provisions, read:

"The Commissioners' Court upon its own
motion may, or upon petition as herein provided shall,
as provided in section 32, Article 1, order local
option elections for the purpose of determining whether
alcoholic beverages of the various types and alcoholic
contents herein provided shall be legalized or
prohibited.... .

"In areas where the sale of beer containing
alcohol not exeeding four (4%) percentum by weight
has been legalized and all other alcoholic beverages
are prohibited, the following issue shall be sub-
mitted in any prohibitory election:.

"(1). 'For prohibiting the sale of beer
containing alcohol not exceeding four (4%) per
centum by weight,' and 'Against prohibiting the
sale of beer containing alcohol not exceeding four
(4%) per centum by weight.'"

Article 666-37, provides for the canvassing of
the returns of such election and declaring the results
by the Commissioners' Court by order entered, and provides
that such order declaring the sale of liquor prohibited
within the territory involved "shall be held to be prima
facie evidence that all the provisions of laws have been
complied with... ."

Article 666-40a, among other things, provides
that at any time within thirty days after the result of
any local option election held pursuant to the provisions
of the Texas Liquor Control Act has been declared, a
contest may be filed with the District Court of the
county in which the election has been held, to have ori-
ginal and exclusive jurisdiction of all suits to contest
the same.

It appears from the facts stated in your letter
that the ballots used in the election of October 29, 1938
were never canvassed and that the results of said election
were never published or declared. Until such votes are
canvassed, the results declared and published, under the
provisions of the Texas Liquor Control Act, no local option
election as provided for in the Act can be said to have
been held.

Under the decisions of our appellate courts,
the wrong ballot was submitted to the electorate on the

above date, and same being not applicable to the status of your county, would in effect render said election voidable. Moyer vs. Kelley, 93 SW 2nd 502, writ dismissed; Whitmire vs. State, 130 Tex. Cr. R. 372, 994 SW 2nd 742; Flowers vs. Shearer, 107 SW 2nd 1049, Akers vs. Remington, 115 SW 2nd 714.

In the absence of an appeal from the order granting the injunction, it further appears that the District Court of Limestone County has, in effect, declared the election so held which was voidable, invalid. We express no opinion as to the validity of said injunction, as that question appears moot.

The case of Mitchell vs. McCharen, 119 SW 2nd 676, cited by you, appears to be authority upon the question as to the right of the Commissioners' Court on its own motion or after being duly petitioned, to order a local option election wherein the proper issue will be submitted to the voters where the same issue has not within one year previously, been so voted upon.

At the election of March 10, 1934, the county as a whole, according to your letter, legalized the sale of 3.2% beer. That fixing the status of your county, the county-wide local option election subsequently to be called upon such issue as authorized by the Act would be a prohibitory one and as set forth above, paragraph (1), Article 666-40 would be the proper ballot to be used. This is in accord with prior rulings of this Department, and which is also held in our opinion O-286, to which you refer in your letter and we assume a copy of this opinion rendered to Hon. Bert Ford on March 7, 1939, is available in your office.

It is, therefore, the opinion of this Department that where an election is held submitting the wrong issue to the voters for the purpose of holding a local option election, and such ballots are not canvassed nor the results declared or published, smae does not constitute such local option election as provided for under the provisions of the Texas Liquor Control Act, Article 666-32, et seq.; and being voidable, would not prohibit or render invalid an order of the Commissioners' Court ordering another

Hon. J. B. Engledow, April 26, 1939, page 5, O-654


election to be held for the same area within twelve months, in which a proper issue is submitted.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Wm. J.R. King

By        Wm. J. R. King
               Assistant


WmK:AW/cg

Approved:

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS