

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS

ATTORNEY GENERAL


Honorable Bowlen Bond
County Attorney
Freestone County
Fairfield, Texas

Dear Sir:                                        Opinion No. 0-5487
                                                 Re: Local option election -- May an
                                                     election, to determine whether
                                                     or not the sale of beer that does
                                                     not contain alcohol in excess of
                                                     4% by weight shall be legalized,
                                                     be held in a justice precinct,
                                                     incorporated town or city located
                                                     within a dry county?

        Your letter, dated July 27, 1943, requesting an opinion concerning
the above matter, reads in part as follows:

        "Citizens of a particular justice precinct or town
    or city of my county are interested in calling an election
    under Article 666, Sections 32, 33, 35, 37, 38, 39 and 40,
    Vernon's Annotated Penal Code, as amended by S. B. 117,
    Chapter 325, page 509, Acts of the 48th Legislature, for
    the purpose of determining whether or not the sale of 'beer
    that does not contain alcohol in excess of four (4%) per
    centum by weight', shall be legalized in such political
    subdivision.

        "Freestone County is a dry area, having prohibited
    the sale of 'beer that does not contain alcohol in excess
    of four (4%) per centum by weight' on December 21, 1940,
    by an election called for that purpose.

        "Question: Does S. B. 117, Chapter 325, page 509,
    Acts of the 48th Legislature, authorize an election in a
    justice precinct or incorporated town or city located
    within the limits of a dry county for the purpose of
    determining whether or not the sale of 'beer that does
    not contain alcohol in excess of four (4%) per centum
    by weight' shall be legalized?

".  .  .  ."

Article XVI, Section 20-C, Constitution of the State of Texas:

"In all counties, justice's precincts or incorporated
towns or cities wherein the sale of intoxicating liquors
had been prohibited by local option elections held under
the laws of the State of Texas and in force at the time of
the taking effect of Section 20, Article XVI of the Consti-
tution of Texas, it shall continue to be unlawful to manu-
facture, sell, barter or exchange in any such county,
justice's precinct or incorporated town or city, any spirit-
ous, vinous or malt liquors or medicated bitters capable of
producing intoxication or any other intoxicants whatsoever,
for beverage purposes, unless and until a majority of the
qualified voters in such county or political subdivision
thereof voting in an election held for such purpose shall
determine such to be lawful; provided that this subsection
shall not prohibit the sale of alcoholic beverages contain-
ing not more than 3.2 per cent alcohol by weight in cities,
counties or political subdivisions thereof in which the
qualified voters have voted to legalize such sale under the
provisions of Chapter 116, Acts of the Regular Session of
the 43rd Legislature."

In the case of Houchins v. Plainos, 110 S.W.2d 549, the Supreme
Court of Texas held that where power is given by Constitution and means by
which, or manner in which, it is to be exercised is prescribed, such means
and manner is exclusive.

In Opinion No. 0-2114, this department held, among other things,
should a county as a whole vote for prohibiting the sale of all alcoholic
beverages, the county would be dry regarding all alcoholic beverages, and the
various precincts would have no authority to call and hold any local option
election.

In the case of Walling v. King, 87 S.W.2d 1074, Judge German,
speaking for the Supreme Court of Texas, said:

"Prior to the adoption of section 20, article 16, it
had been the law of this state for many years that when a
county, justice's precinct, or other political subdivision
of a county voted to prohibit the sale of intoxicating
liquors, it continued to be unlawful to sell such liquors
within the prohibited territory until the voters of the
identical territory which had adopted prohibition voted
to repeal it. In Ex Parte Pollard, 51 Tex. Cr. R. 488,

Honorable Bowlen Bond, page 3 (O-5487)

103 S.W. 878, Judge Davidson, speaking for the Court of
Criminal Appeals, said: 'Wherever a local option law
is once legally put into operation in a given territory,
it must remain in force until it has been voted out by
the voters of the territory where such law was originally
vitalized.'

"Several cases are cited in support of this holding.

"The constitutional amendment set out above by express
words adopted this rule of law. The language is that in
any county or any political subdivision thereof where the
sale of intoxicating liquors had been prohibited prior to
the adoption of section 20, article 16, it should remain
unlawful to sell same (including beer) in said county or
political subdivision 'until a majority of the qualified
voters in said county or political subdivision thereof
voting in an election held for such purpose shall deter-
mine it to be lawful to manufacture, sell, barter and ex-
change in said county or political subdivision thereof
vinous or malt liquors containing not more than three and
two-tenths per cent (3.2%) alcoholic content by weight'.

"The very constitutional amendment by which appellant
is accorded his right to a license expressly provided that
if local option prevailed in the county where he sought
to obtain his license it was necessary for the voters of
that county to authorize the sale of the 3.2 per cent beer
before he could obtain a license. This the county has never
done, but on the contrary it had for the second time voted
in favor of local option so far as beer was concerned. It
necessarily follows that as Childress County had prohibited
the sale of intoxicating liquors within its boundaries prior
to the adoption of section 20, article 16, by virtue of sub-
division (a) set out above, it was unlawful to sell beer
within any part of said county until voters of the whole
county determined otherwise. Local option within the county
as a whole could not be repealed by piecemeal."

The law is well settled in this State that where local option within
the county as a whole has been adopted that the same cannot be repealed except
by a countywide election. We assume from the facts stated in your letter that
Freestone County is a dry county.

In view of the authorities above cited, it is the opinion of this
department that Senate Bill 117 does not, and could not, authorize an election

to be held in a justice precinct, incorporated town or city located within the limits of a dry county, to determine whether or not the sale of beer that does not contain alcohol in excess of 4% by weight shall be legalized.

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/Jesse Owens

By

Jesse Owens
Assistant

JO:db

APPROVED AUG 10, 1943

/s/Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

BY /s/BWB
Chairman