

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS        AUSTIN 11, TEXAS
~~JOHN REEVES SHEPPERD~~
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

                        Opinion No. O-6917
                        Re: Proper form of ballot to be
                               used in a local option elec-
                               tion in a city part of which
                               is "dry" under a former lo-
                               cal option election and part
                               of which has since been annex-
                               ed and is "wet."

        You have requested an opinion of this department based on facts
contained in a letter written to you by Mr. Jos. F. Henson of Pasadena,
Texas. The letter, in part, is as follows:

        "We are preparing to petition the Commissioners
      Court of Harris County for an order authorizing and
      ordering an election in the City of Pasadena to deter-
      mine whether or not the sale of all alcoholic beverages
      shall be legalized or shall be prohibited in the City.

      " . . . .

        "Our problem is this: part of the corporate area
      of the City is 'dry' by a local option election, as
      stated above, held in 1937, and a part is 'wet' as
      stated above, because it was 'wet' prior to its being
      annexed to the City. The question is: Which form of
      the ballot, if either, would be proper under these
      circumstances?"

        From the facts set forth in the above letter it appears that
the City of Pasadena contains approximately four square miles which is
"dry" under a local option election held in 1937, and approximately six
square miles annexed since 1940 which is "wet." We have been advised by
the Texas Liquor Control Board that the sale of all intoxicating liquors
in the annexed portion of the City of Pasadena has been legalized.

        We assume that there is no question as to the validity of
either the annexation of the "wet" territory of the local option elec-
tion held in 1937. The legal effect of the annexation of a "wet"

territory to a "dry" city was before the Supreme Court of Texas in the case of Houchins vs. Plainos, 110 S.W. (2d) 549. In that case the court speaking through Judge Critz stated that no provision is made in our law for a change in the local option status of a "wet area" merely through its annexation to a "dry area" by ordinance.

Section 20 of Article XVI of the Texas Constitution, last amended in 1935, provides in part as follows:

"(b) the legislature shall enact a law or laws whereby the qualified voters of any <u>county, justice's precinct or incorporated town or city</u>, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; and such laws shall contain provisions for voting on the sale of intoxicating liquors of various types and various alcoholic content." (Emphasis added.)

The Supreme Court in the Houchins case cited above declared that since this constitutional amendment provided for the method of determining whether or not intoxicating liquors may be legalized within a prescribed area then this was the exclusive means by which this question could be decided. See also on this question Attorney General's Opinion No. O-6880, a copy of which is attached.

It is a well settled rule under the Texas cases that whenever a local option law is once legally put into operation in a given territory, it must remain in force until it has been voted out by the voters of the territory where such law was originally vitalized. See Ex Parte Pollard, 103 S.W. 878 and Walling vs. King, County Judge, 87 S.W. (2d) 1074. Article XVI, Section 20 of the Texas Constitution provides for elections <u>only in the county, justice's precinct or incorporated town or city.</u>

Having determined that the exclusive method of changing the status of a "dry" or "wet" area is by an election, we now proceed to the question of the form of the ballot to be used in an election in an incorporated city part of which is "wet" and part of which is "dry."

Pursuant to Section 20 of Article XVI of the Texas Constitution, previously set forth in this opinion, the Forty-fourth Legislature in 1935 passed the Texas Liquor Control Act which is to be found in Articles 666 and 667 of Vernon's Annotated Penal Code, 1925. Article 666-23 defines a "dry area" and a "wet area" as follows:

"Whenever the term 'dry area' is used in this
Act it shall mean and refer to all counties, justice
precincts, incorporated cities or towns wherein the
sale of alcoholic beverages has been prohibited by
valid local option elections held under the laws of
the State in force at the time of the taking effect
of Section 20, Article XVI, Constitution of Texas in
the year 1919. It likewise shall mean and refer to
any such areas where sale of such alcoholic beverages
shall be prohibited under the terms of this Act.

"The term 'wet area' shall mean and refer to all
other areas of the State." (Emphasis added.)

An examination of the above underscored language in
Article 666-33 forces us to the conclusion that the determination of the
status of one of the political subdivisions mentioned in Article XVI,
Section 20 of the Texas Constitution depends upon a consideration of
the status of the county, justice precinct, or incorporated town or
city as a whole, and that one of the above subdivisions may not be part
"dry" and part "wet" for the purposes of a local option election. It
is our further opinion that if any part of the subdivision is "wet"
then the entire subdivision is "wet" for purposes of a local option
election. The City of Pasadena, despite the fact that the entire city
was originally a "dry area," is now a "wet area" by virtue of the fact
that liquor may now be legally sold in a portion of the incorporated
city.

Articles 666-35 and 666-40 of Vernon's Annotated Penal
Code, 1925, concern the form and requisites of ballots used in a local
option election. Article 666-35 reads, in part, as follows:

"(a) At said election the vote shall be by
official ballot which shall be printed or written
thereon at the top thereof in plain letters the words
'Official Ballot.' Said ballot shall have also writ-
ten or printed thereon the issue or issues appropriate
to the election order as provided in Section 40 of this
Act, . . . " (Emphasis added.)

Article 666-40 provides for three methods of legalization
of the various types of liquors, and likewise three degrees of prohibition.
This article sets out one form of ballot to be used in a "wet area" and
another form to be used in a "dry area." Since we have concluded that
this election is to be held in a "wet area" we will quote only the provi-
sions applicable to elections in such areas.

"In areas where the sale of all alcoholic
beverages has been legalized one or more of the

following issues shall be submitted in any pro-
hibitory election:

"(d). 'For prohibiting the sale of all
beverages that contain alcohol in excess
of four (4%) percentum by weight' and
'Against prohibiting the sale of all bev-
erages that contain alcohol in excess of
four (4%) percentum by weight.'

"(e). 'For prohibiting the sale of all
alcoholic beverages that contain alcohol
in excess of fourteen (14%) percentum by
volume' and 'Against prohibiting the sale
of all alcoholic beverages that contain
alcohol in excess of fourteen (14%) per-
centum by volume.'

"(f). 'For prohibiting the sale of all
alcoholic beverages' and 'Against prohib-
iting the sale of all alcoholic beverages.'
(Emphasis added.)

Since the letter enclosed by you states that the forthcoming elec-
tion is "to determine whether or not the sale of all alcoholic beverages
shall be legalized or shall be prohibited in the City" it appears that
section (f) underscored above contains the proper issues to be submitted
in the forthcoming election.

It is important that the form of the ballot called for in Article
666-40 be strictly followed. In the case of Moyer vs. Kelley, et al., 93
S.W. (2d) 503, the San Antonio Court of Civil Appeals used this language:

"The word 'shall' found in Section 35(a) makes
it mandatory that the form of ballot herein given or one
or more of the forms of ballots set forth in Section 40,
shall be used in all elections held on the liquor ques-
tion."

In the same opinion we find the following statement:

"The failure to use the form of ballot prescribed
by statute constitutes a violation of the mandatory provi-
sions of the Liquor Control Act and renders the election
voidable, when seasonably attacked in a proper election
contest."

For additional cases holding that the statutory form of ballot must be used see Cain, County Attorney vs. Garvey, 187 S.W. 1111; Griffin vs. Tucker, County Attorney, 119 S.W. 338 and Flowers vs. Shearer, 107 S.W. (2d) 1049.

It is the opinion of this department, that for purposes of a local option election, the City of Pasadena is a "wet area" within the meaning of the Texas Liquor Control Act.  It is the further opinion of this department that all qualified voters now residing in the incorporated City of Pasadena who desire to vote may do so and they must be furnished with a ballot printed in strict conformity with Articles 666-35 and 666-40, Section (f) of Vernon's Annotated Penal Code, 1925.

We trust this satisfactorily answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

s/ C. Y. Mills
C. Y. Mills
Assistant

CYM:zd:egw

APPROVED OCT 5, 1946

s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB Chairman