Dudley HARRIS, d/b/a Terminix Company, Appellant,

v.

CORPUS CHRISTI BROADCASTING COMPANY, Inc., Appellee.

No. 13571.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 24, 1960.

Rehearing Denied March 23, 1960.

J. Marvin Ericson, Corpus Christi, for appellant.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Nueces County, Texas, by Corpus Christi Broadcasting Company, Inc., against Dudley Harris, d/b/a Terminix Company, upon a verified statement of account for radio advertising services, rendered pursuant to a verbal agreement between said parties, to which defendant answered by a verified denial of such account. Thereafter, plaintiff amended its pleadings by giving the correct name of the defendant as Dudley Harris, d/b/a "Richkill Service Company of Corpus Christi."

The trial was to a jury upon one special issue, as follows:

"Do you find from a preponderance of the evidence that the defendant, Dudley Harris, entered into an agreement with the plaintiff, Corpus Christi Broadcasting Company, Inc., to pay Two and 75/100 ($2.75) Dollars per spot announcement over KSIX Radio to advertise the Richkill product?"

To which the jury answered "Yes."

Judgment was accordingly rendered in favor of plaintiff against defendant in the principal sum of $1,792.60, and attorney's fees in the sum of $400. On the date of the judgment, these two items, together with interest, amounted to the sum of $2,533.17. Dudley T. Harris has prosecuted this appeal.

It seems that after appellee filed its amended pleading giving the correct name of appellant, there was but one real dispute left between the parties, which was the rate to be charged for the advertising. Charles R. Manning, Commercial Manager of Radio Station KSIX, testified that the advertising was to be paid for at $2.75 per announcement, while Dudley T. Harris testified he was to pay $1 for each unit sold. If he made 228 sales he was to pay $228. The jury, upon conflicting evidence, found that the price of the advertising was $2.75 per announcement, as above stated.

Appellant's points are as follows:

"Point I. The trial court erred in sustaining plaintiff's objection to and refusing to permit the witness, Tommie Ballengee, a witness for the defendant, to answer the following question:

"'Q. Did you sell any of the products Mrs. Eli had?' propounded to her by defendant's counsel.

"Point II. The trial court erred in refusing to permit the witness, Tommie Ballengee, a witness for the defendant, to testify that during the period of about June or July, 1955, she sold Richkill appliances for one Blanche Eli.

"Point III. The trial court erred in rendering judgment for the plaintiff against defendant for attorney's fees."

**477**

We fail to see that the question asked was material. Originally there was some mixup about the name under which Dudley T. Harris was doing business, but the matter was cleared up when the amended petition was filed with a new verified account attached to it. The only issue raised was the rate at which Harris was to pay for the advertising and this matter was settled by the jury in favor of appellee. We overrule points I and II.

Point III relates to attorney's fees. Appellant contends it was error to permit appellee to recover attorney's fees in this case. We overrule this contention. Art. 2226, Vernon's Ann.Civ.Stats., provides, in effect that attorney's fees are recoverable, when proper steps are taken, either "for personal services rendered" or "labor done." These terms are broad enough to cover the services rendered by appellee herein. Mitchell v. M. M. M., Inc., Tex.Civ.App., 261 S.W.2d 472, reversed upon other grounds, 153 Tex. 227, 265 S.W.2d 584.

The judgment is affirmed.