**J. P. DUEITT, Appellant,**

v.

**E. BARROW, Appellee.**

**No. 49.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 12, 1964.

John M. Robinson, Houston, for appellant.

Ernest Coker, Jr., of Coker & Coker, David Crews, Conroe, for appellee.

NYE, Justice.

E. Barrow, appellee, a paving contractor, recovered judgment against J. P. Dueitt

for the balance due on an oral contract for personal services rendered, labor done and materials furnished in the amount of $1373.62, and for $769.88 for additional extra work, plus $600.00 attorney's fees.

Dispute arose over the exact amount due and owing to the appellee contractor by appellant. The appellant does not contest on appeal the correctness of the trial court's award of $1373.62, being the balance due under the original oral contract for paving work. The appellant predicates his appeal on two points, the first being that the trial court erred in awarding judgment for the sum of $769.88 for additional extra work because such sum was awarded on a theory not supported or raised by the appellee's pleadings.

The trial court found that the parties entered into a subsequent oral contract whereby the appellee contractor would furnish the appellant additional extra services, labor and material; that such services, labor and material were, in fact, furnished; that there is due and owing to appellee contractor the sum of $769.88 for the additional extra work; and that such amount is the fair and reasonable market value for the same. Appellant contends that the appellee contractor plead an open account for the extra work and that such pleading cannot support a judgment for extra work based on an oral contract.

■ A pleading which sets forth a claim for relief shall contain a statement of the cause of action, shall give sufficient notice of the claim involved and must contain a demand for judgment for the relief to which the party deems himself entitled. Rule 47, Texas Rules of Civil Procedure. All pleadings shall be construed so as to do substantial justice. A variance between the pleading and the proof must be substantial, misleading and prejudicial to be fatal. Rule 45, T.R.C.P.; Glen Falls Insurance Co. v. Vetrano, C.C.A., n. w. h., 347 S.W.2d 769, 1961. Any variance in the pleadings and proof must be called to the attention of the trial court by objec-

tion or motion to strike, or it will be waived. Kirkwood & Morgan, Inc. v. Roach, 360 S.W.2d 173 (C.C.A.1962, Ref. n. r. e.).

■ Appellee contractor plead that he furnished additional services, labor and material to the appellant upon an open account at the special instance and request of the appellant and then proceeded to itemize the labor, materials and services rendered. Appellee contractor testified during the trial, without objection, that the appellant requested him to do the extra work and agreed to pay for it, and then testified as to the value of such services. He did not rely on the verified account for the proof of the value of the labor done or materials furnished. We hold that the appellee's pleadings and his proof were sufficient to apprise the appellant of the nature and theory of the plaintiff's cause of action. Appellant's first point is overruled.

Appellant, in his second point, contends that the trial court erred in awarding attorney fees of $600.00 in that the judgment was based on oral contracts which did not provide for attorney fees. Article 2226, Vernon's Ann.Tex.St., provides that:

> "Any person having a valid claim against a person * * * for personal services rendered, labor done, material furnished, * * * or suits founded upon a sworn account or accounts, may present the same to such person * * *; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person * * *, he may also recover, in addition to his claim and cost, a reasonable amount as attorney's fees, if represented by an attorney."

Appellee's claim for labor and material furnished was greater than the amount awarded by the trial court. If we understand appellee's contention he argues that attor-

ney fees cannot be awarded under Article 2226, V.A.T.S., because appellee's claim is based upon oral contracts, the breach of which by the appellant does not entitle appellee to attorney fees under Article 2226. Appellant cites as authority for this contention Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958). This was a suit by a vendor to recover the unpaid balance of the purchase price under a contract. The suit was brought upon a sworn account as defined by Rule 185, T.R.C.P. It was contended that since the suit was based on a sworn account, the vendor was entitled to attorney fees under Article 2226. The Supreme Court, in refusing the award of attorney fees, held that Rule 185 was a rule of procedure with regard to evidence necessary to establish a prima facie case, and not the basis for a cause of action. The Court defined a sworn account and held that the recovery of attorney fees, based upon a transaction by the parties resting upon a special contract for the drilling of an oil well was not included within the definition of a sworn account.

■■ The appellant does not raise any objection to the necessary preliminaries under Article 2226, such as notice, time, proof of the amount, or the representation by an attorney, but contends that the award was based upon a breach of contract and under a strict construction of Article 2226, V.A. T.S., appellee cannot recover his attorney fees. No cases have been cited that are determinative of appellant's contention. Article 2226 does not exclude an award of attorney fees where the cause of action is based upon an agreement or an oral contract to furnish materials or labor. The criterion is not that the claim be based upon contract or sworn account, but that the claimant or debtor takes the proper steps as outlined under Article 2226 for recovery of a judgment, and that the claim must be based upon the specific items within the meaning of Article 2226. Ferrous Products Co. v. Gulf States Trading Co. (1960), 160 Tex. 399, 332 S.W.2d 310; Mitchell v. M. M. M., Inc., 261 S.W.2d

472, C.C.A., reversed upon other grounds; 153 Tex. 227, 265 S.W.2d 584; Harris v. Corpus Christi Broadcasting Co., 333 S.W. 2d 475 (C.C.A.1960 writ ref. n. r. e.); Texas Gas Corp. v. Hankamer, 326 S.W.2d 944 (C.C.A.1959, ref. n. r. e.); Lander v. Boykin, 351 S.W.2d 594 (C.C.A.1961); McDonald v. Watkins, 353 S.W.2d 905 (C.C. A.1962). We hold that the allowance of an attorney fee was proper, as Article 2226 authorizes the recovery of reasonable attorney fees upon a claim of the nature of that asserted here. Appellant's second point is overruled.

The judgment of the trial court is affirmed.