Earl M. GILBERT et al.

v.

SHENANDOAH VALLEY IMPROVE-MENT ASSOCIATION et al.

No. 8317.

Court of Civil Appeals of Texas, Beaumont.

Nov. 8, 1979.

John M. Robinson, Houston, for appellants.

Danny R. Edwards, Houston, for appellees.

DIES, Chief Justice.

This is a suit for injunctive relief to enforce restrictive and protective covenants in the subdivision in Montgomery County named Shenandoah Valley III. Earl M. Gilbert and Robert A. Easley, Jr., acquired nineteen (19) lots in this subdivision and constructed single family dwellings upon each of such lots, as required by said restrictions. One of the houses was sold, the remainder are rented.

Shenandoah Valley Community Improvement Association, Jim Watson, and Ralph Robinson, as plaintiffs below, contended Gilbert and Easley were violating the restrictions by renting the eighteen (18) houses, and the trial court agreed issuing a temporary injunction because "[t]he Court finds that the evidence clearly shows a business is being conducted upon the lots and properties located in Shenandoah Valley Section III as alleged by Plaintiff and is not within the intent of the restrictions and accordingly, such is a violation of the recorded restrictions. . . ." From this order Gilbert and Easley perfect this appeal.

We reverse the order of the trial court and dissolve the injunction for these reasons:

Real estate restrictions must be strictly construed resolving all doubt in favor of the free and unrestricted use of the property. *Baker v. Henderson*, 137 Tex. 266, 153 S.W.2d 465, 470 (Tex.Comm'n App. 1941, opinion adopted); *Southampton Civic Club v. Couch*, 159 Tex. 464, 322 S.W.2d 516, 518 (Tex.1958); *MacDonald v. Painter*, 441 S.W.2d 179, 183 (1969). See *Stephenson v. Perlitz*, 532 S.W.2d 954 (Tex.1976).

Restrictive covenants must be considered and enforced as written, and they cannot be enlarged or changed by construction. *Wald v. West MacGregor Protective Association*, 332 S.W.2d 338, 343 (Tex.Civ. App.—Houston 1960, writ ref'd n. r. e.).

Here appellants first obtained architectural control approval before building these single family dwellings, as required by the restrictions. It is undisputed all the houses are single family dwellings, and that owners in the addition have the right to rent their dwellings. There is no specific prohibition in the restrictions against one owner of several houses renting all of them. We reverse the judgment of the trial court and dissolve the injunction.

REVERSED and injunction DISSOLVED.