**INWOOD NORTH HOMEOWNERS' ASSOCIATION, INC., Appellant,**

v.

**Bill MEIER, et ux., Appellees.**

No. 17912.

Court of Civil Appeals of Texas, Houston (First Dist.).

June 4, 1981.

Woodard, Hall & Primm, Mark C. Watler, Houston, for appellant.

Adam, Adam & Anderson, Jerry Adam, Houston, for appellees.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

PEDEN, Justice.

The Inwood North Homeowners' Association, Inc., obtained a judgment permanently enjoining Mr. and Mrs. Bill Meier from maintaining a visible window air-conditioning unit in their garage in the Inwood North subdivision of Harris County. The Association appeals only from that portion of the judgment denying it recovery of an attorney's fee, sought pursuant to Article 1293b, Vernon's Tex.Civ.Stat., and the Meiers urge by cross-point of error that the trial court erred in granting the permanent injunction under the facts. We affirm the granting of the injunction and reverse as to the denial of an attorney's fee.

The Association contends that the trial court erred in refusing to award it a reasonable attorney's fee because such an award is mandatory under Article 1293b in any suit based on the breach of restrictive covenants. The Meiers' position is that the trial court's refusal is supported by ample evidence and that the inaccurate reference in the appellant's pleadings to the article under which attorney's fees are sought as 12.92b is fatal to their right to recover under "Article 12.93b."

Article 1293b provides:

(a) In an action based on breach of a restrictive covenant pertaining to real property, the court *shall* allow a prevailing party who asserted the action for breach of restrictive covenant, reasonable attorney's fees, in addition to his costs and claim.

(b) To determine reasonable attorney's fees, the court shall consider:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the expertise, reputation, and ability of the attorney; and

(4) any other factor. (emphasis added)

Apparently the question of whether the award of reasonable attorney's fees under this particular statute is mandatory or within the discretion of the trial court is one of first impression. The only two cases we have found which interpret the statute are not on point. In *Townplace Homeowners' Association, Inc. v. McMahon*, 594 S.W.2d 172 (Tex.Civ.App.1980, writ ref'd n. r. e.), we held that the appellant was not entitled to an award of attorney's fees where it had failed to prevail on the merits of its cause. In *Knopf v. Standard Fixtures Company, Inc.*, 581 S.W.2d 504 (Tex.Civ. App.1979, no writ), the issue was whether the attorney's fees awarded by the trial court under Article 1293b were excessive, but in our case the trial court refused to award the appellant any attorney's fee. Nor are analogies particularly helpful from cases involving discretionary awards of attorney's fees under Art. 2226, V.T.C.S., since the wording in that statute indicates that a person "*may* also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney." (emphasis added)

Whenever possible, statutes should be given their everyday, reasonable meaning, *Banks v. Chicago Grain Trimmers Association*, 390 U.S. 459, 465, 88 S.Ct. 1140, 1144, 20 L.Ed.2d 30 (1968); *Martinez v. Texas Employment Commission*, 570 S.W.2d 28, 32 (Tex.Civ.App.1978, no writ), citing *State Highway Department v. Gorham*, 139 Tex. 361, 162 S.W.2d 934 (1942), and it is assumed that the ordinary meaning of the words used expresses the legislative intent, *Richards v. United States*, 369 U.S. 1, 9, 82 S.Ct. 585, 590, 7 L.Ed.2d 492 (1962). "[T]he ordinary meaning of 'shall' or 'must' is of mandatory effect, and ... the ordinary meaning of 'may' is merely permissive in character." *Mitchell v. Hancock*, 196 S.W. 694, 700 (Tex.Civ.App.1917, no writ). The Texas Supreme Court has said that in "determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction." *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956). In cases where the use of "shall" has been construed as permissive, it is clear that the courts felt that such a construction was necessary to effectuate

the true legislative intent or policy. *See, e.g., Lewis v. Jacksonville Building & Loan Association*, 540 S.W.2d 307, 311 (Tex.1976); *Chisholm v. Bewley Mills, supra; Thomas v. Groebl*, 147 Tex. 70, 212 S.W.2d 625, 630 (1948). The general rule is that "may" is given a permissive construction, *see, e.g., Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956), and that "shall" is given a mandatory construction, *see, e.g., State Board of Insurance v. Betts*, 158 Tex. 612, 315 S.W.2d 279 (1958); *Wood v. State*, 133 Tex. 110, 126 S.W.2d 4 (1939); *Moyer v. Kelley*, 93 S.W.2d 502 (Tex.Civ.App.1936, writ dism'd).

Here, the 1979 analysis of H.B. 318, which became Article 1293b, supports a mandatory reading of the word "shall". The "Section Analysis" states that section 1 of the bill was designed to "*require* ... the award of reasonable attorney's fees and costs to certain prevailing parties in suits based on the breach of a restrictive covenant". H.B. 318 (Lauhoff) 1979 at 1–2. (emphasis added) Moreover, the "Background Information" section of the bill's history indicates that the statute is intended to create a substantive, remedial right for enforcement of deed restrictions, particularly bearing in mind the areas of the state where there are no zoning ordinances.

We hold that a plain reading of the statute makes the award of attorney's fees mandatory in cases such as this, where the other conditions set forth in the statute are met, i.e., where the prevailing party asserted an action based on breach of a restrictive covenant pertaining to real property.

▪ The next question is whether, having established a prima facie right to mandatory attorney's fees under 1293b, the appellant forfeited such right by incorrectly citing the statute in its petition. Again, no case directly on point has been found, but we believe the better view to be that the error in reciting the statute number was not fatal.

▪ The Association's petition included allegations that it was necessary for it to hire attorneys in the case, and concluded:

Accordingly, since this is an action based on breach of a restrictive covenant pertaining to real property, should Plaintiff prevail in this suit, it is entitled to an award from Defendants of reasonable attorney's fees, pursuant to Tex.Civ.Stat. art. 12.92b (1978 Pamphlet Supp.), in an amount deemed reasonable in the judgment of the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

. . . .

(5) That Plaintiff recover a reasonable attorney's fee in an amount deemed reasonable in the judgment of the Court;

. . . .

Pleadings are sufficient if they give fair notice to the opponent, *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183 (Tex. 1977); Rule 45, Tex.R.Civ.P., and all pleadings should be construed to do substantial justice, *Dueitt v. Barrow*, 384 S.W.2d 214, 215 (Tex.Civ.App.1964, no writ), *rev'd on other grounds*, 453 S.W.2d 814, 821 (Tex. 1970); *Glens Falls Insurance Co. v. Vetrano*, 347 S.W.2d 769, 772 (Tex.Civ.App.1961, no writ).

In this case the plaintiff's attorney testified extensively concerning the services he performed on behalf of the Association. The only objection made by the appellees' counsel was, "We would object from this point on," when the plaintiff's attorney testified that he was asking for additional attorney's fees in the event the case was appealed; the objection was overruled. No basis for the objection was offered, and the appellees' counsel did not reurge it; no bill of exception was taken during trial, and no special exceptions to the pleadings were filed. Prior to the objection the appellant's counsel had testified that he was asking for reasonable attorney's fees of $1,200 up to the time of judgment. The only hint in the statement of facts which might have indicated that the Meiers' attorney had any sort of pleading defect in mind was his question to the Association's attorney during cross-examination that "You never amended your Petition after the initial Petition?" Article 1292b makes no mention of attorney's fees,

yet the Association's petition clearly indicates that it is relying on statutory authority for the claim; moreover, the appellees even now do not contend that they were not given fair notice of it.

We overrule this point. The policy of requiring a party to complain of technical defects in a timely and specific manner is a thread running through the case law in this general area. *See, generally, Sherman v. Provident American Insurance Co.*, 421 S.W.2d 652 (Tex.1967); *Lowther v. Lowther*, 578 S.W.2d 560 (Tex.Civ.App.1979, writ ref'd n. r. e.); *Dueitt v. Barrow, supra.* In *Darden v. White*, 195 S.W.2d 1009, 1010 (Tex.Civ.App.1946, writ ref'd n. r. e.), it was held that the *appellant* could not complain of an incorrectly pleaded date, where the case was tried to the jury on the theory that an ouster had occurred ten years after such date. It is the appellee in our case who complains of the typographical error, but the underlying logic is similar.

We hold that the trial court erred in denying the Association's claim for an attorney's fee.

■ The appellees' cross-point of error is: "The trial court erred in granting the Appellant a permanent injunction under the facts of this case." They do not specify whether they are saying that there is no evidence or factually insufficient evidence, so the point is obscure and does not require us to consider it. We will, however, in the interest of justice, do so. Since the appellees offered no evidence, it makes little difference which of the two bases they rely upon. The appellant's position is that since the placing of window air-conditioning units in garage doors was not specifically prohibited by the restrictions, they were not in violation of them. This is so, they say, citing *Briggs v. Hendricks*, 197 S.W.2d 511 (Tex.Civ.App.1946, no writ), and *Gilbert v. Shenandoah Valley Improvement Association*, 592 S.W.2d 28 (Tex.Civ.App.1979, no writ), because real estate restrictions must be strictly construed and any ambiguity therein must be resolved in favor of free use of the land.

■ This case was tried to the court without a jury, and no findings of fact or conclusions of law were filed or requested, so the facts are deemed to have been found in support of the judgment. *Goodyear Tire and Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978). The trial court's judgment should be affirmed if it can be upheld on any legal theory supported by the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968).

The judgment recites that "the Court has found and determined that Judgment should be granted for Plaintiff as prayed for in its Original Petition, except that the Court has found and determined that it will not award any attorney's fees to Plaintiff." The Association's petition alleged, *inter alia*, that the Meiers had violated the following restrictive covenants in the subdivision's deed restrictions:

1) All lots shall have a garage, either attached or detached, for not less than two cars nor more than three cars.

2) No ... exterior addition to or alteration ... shall be made unless and until (i) a preliminary site plan ... [has] been submitted to and approved in writing by the Architectural Control Committee, and thereafter (ii) the final working plans and specifications for the work shown on the preliminary site plan and schematic plan have been submitted to and approved in writing by the Architectural Control Committee as to compliance with this Declaration and as to harmony of external design and location.

3) No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

If the evidence supports the grant of the permanent injunction under any of these three provisions, that portion of the judgment should be affirmed. The parties stipulated that the Association had legal standing to bring this suit and was a proper plaintiff, that the exhibits to the plaintiff's petition were true and correct copies of the

pertinent deed restrictions on file with the Harris County Clerk's office, that the Meiers did not apply to the Architectural Control Committee for permission to place an air-conditioning unit in one of the panels of their garage door, and that the photographs introduced at the temporary injunction hearing are accurate representations of the air-conditioning unit installed in the Meiers' garage door.

Mr. James C. Box, president of the Homeowners' Association, testified that the appellees have installed a small window-type unit in the window light space on the front of one of their garage doors, that it faces the street and is the only one visible from the street in the subdivision, that the Meiers' unit protrudes into their driveway area, and that there is green discoloration from fungus or algae on their door and driveway as a result of water dripping from the unit. Mr. Box is a member of the architectural control committee for Inwood North Section 2 and is familiar with the deed restrictions involved in this case. He said that the unit constituted an exterior addition and alteration to the Meiers' home and that if the Meiers had submitted a plan for installation of the unit in the front of a garage door to the architectural control committee it would not have been approved because 1) it is unsightly, 2) it prevents the garage from functioning as a two-car garage, and 3) it could be placed in another location and accomplish its intended purpose without being unsightly. It was his opinion that the unit did not harmonize with the subdivision's physical appearance.

Alan Weaver testified that he was a neighbor of the Meiers and passed by their house every day for approximately four months. He said that the Meiers' window unit is the only such unit in a subdivision of more than 1000 homes.

■ Clearly, a breach of restrictive covenants is a proper subject for injunctive relief, *Curlee v. Walker*, 112 Tex. 40, 244 S.W. 497 (1922). While such covenants were quite strictly construed in early cases, the modern trend has made injunction the customary means of enforcing them. L. Lowe,

6 *Texas Practice*, Remedies, § 27, pp. 53–56 (2d ed. 1973) and authorities therein cited. Since injunctive relief is an equitable remedy, the complaining party must come into court with clean hands and must have acted promptly in the enforcement of his rights. L. Lowe, *supra* at §§ 117–18, pp. 164–67 and authorities cited therein. In this case the Association's policy encouraged voluntary compliance by homeowners who were thought to be in violation of the restrictive covenants as an alternative to litigation; there is nothing to suggest that the subject restrictions have not been enforced consistently and even-handedly; the Association acted promptly to end the alleged violation of the restrictive covenants by the Meiers; the Meiers were afforded an opportunity to comply voluntarily with the restrictions before suit was filed; and the testimony showed that harm would result to the subdivision and the Association if the appellees were allowed to continue in their violation of the covenants.

We hold that the trial court's grant of permanent injunctive relief to the Association is supported by the evidence. The appellees' cross-point of error is overruled.

The final question is whether the trial court should fix the attorney's fee for the Association on remand or whether we should render judgment (as the Association asks) awarding it an attorney's fee of $1,700 if no further appellate action be taken, $500 more if it is necessary to file an application for writ of error in the Supreme Court of Texas, and an additional $500 in the event an application for writ of error is granted.

The appellant's lawyer testified that he is experienced in handling this type of suit. He described the work he had done and said he had spent about 20 hours in preparation for trial. He testified that the amounts asked were reasonable. There was no evidence by the appellees to show that the fees mentioned were not reasonable, or that a lesser fee would have been reasonable.

While there was evidence on which the trial court could have based a finding of reasonable attorney's fees, it made no such finding, and the evidence does not establish

what amount is a reasonable attorney's fee as a matter of law. The fixing of the amount of a reasonable fee is a matter within the sound discretion of the trial court, but in this case the trial court did not fix such a fee.

In *Zemaco, Inc. v. Navarro*, 580 S.W.2d 616 (Tex.Civ.App.1979, writ dism'd), the appellant was held to be entitled to reasonable attorney's fees as a matter of law under Article 2226, V.T.C.S. The appellate court, in severing Navarro's claim for attorney's fees and remanding that portion of the judgment to the trial court for determination, reasoned:

> Since the reasonableness of attorney's fees is a question of fact, since the court below made no finding as to the reasonable value of the services of appellant's attorney, and since said value is not established as a matter of law, this court cannot make such a finding. The claim for attorney's fees is a severable claim. We are authorized to sever the claim for attorney's fees and reverse and remand the judgment as to it only. (citations omitted)

*Accord, TEC Electric Co. v. AMFAC Distribution Corp.*, 581 S.W.2d 508, 512 (Tex.Civ. App.1979, no writ); *Uhl v. Uhl*, 524 S.W.2d 534 (Tex.Civ.App.1975, no writ); *Stein v. Lewisville Independent School District*, 481 S.W.2d 436 (Tex.Civ.App.1972, writ ref'd n. r. e.), *cert. denied*, 414 U.S. 948, 94 S.Ct. 272, 38 L.Ed.2d 203 (1973).

We affirm the granting of the permanent injunction, sever the appellant's claim for an attorney's fee, and reverse and remand the judgment for a determination of the amount of a reasonable attorney's fee for the Association.