**MEYERLAND COMMUNITY IMPROVE-
MENT ASSOCIATION, et al.,
Appellants,**

v.

**Morris BELILOVE, et ux., Appellees.**

No. C2655.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 1981.

Rehearing Denied Oct. 8, 1981.

---

Aubrey D. Martin, Jr., Harvey J. Heller, Byrnes, Myers, Adair, Campbell & Sinex, Houston, for appellants.

Gerald A. Linder, Casey, McStay, Linder & Miller, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and MILLER and MORSE, JJ.

MORSE, Justice.

Plaintiff-Appellants, Meyerland Community Improvement Association, Maureen Reeves and William Phillips, appealed from a trial court judgment awarding attorney's fees to Defendant-Appellees, Morris Belilove and Patricia Belilove. We agree there was no basis for such award.

Plaintiff-Appellants had filed a petition seeking to enforce the restrictive covenants of the Meyerland Subdivision in Harris County, Texas, alleging violation thereof by Defendants' replacement of roofing material without getting prior approval by the architectural control committee; Plaintiffs also sought attorney's fees under Tex.Rev. Civ.Stat.Ann. art. 1293b (Vernon 1980).

The Defendants answered with a variety of defenses and asked for attorney's fees under said Article 1293b. Upon trial, the jury found against Plaintiffs' special issues: (1) that Defendants "altered" their residence and (2) that there was a reasonable determination by the architectural control committee of Defendants' violation of the restrictions. No issues were submitted or requested by Defendants as to any breach of the restrictions by Plaintiff-Appellants. Over objection, special issues were submitted as to the amounts of attorney's fees which should be awarded to the Defendants. The trial court entered judgment that Plaintiffs take nothing and pay Defendants the amounts of their attorney's fees found by the jury and court costs.

Appellants assert that the trial court erred in submitting issues to the jury as to, and in awarding, attorney's fees to the Defendant-Appellees under Tex.Rev.Civ.Stat. Ann. art. 1293b (Vernon 1980). Article 1293b allows for the recovery of reasonable attorney's fees only if a party meets the basis requirements. *Townplace Homeowner's Association, Inc. v. McMahon*, 594 S.W.2d 172 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.); *See also Inwood North Homeowners' Association v. Meier*, 625 S.W.2d 742 (Tex.Civ.App.— Houston [1st Dist.] 1981). Article 1293b subsection (a) provides:

In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow a prevailing party *who asserted the action for breach of a restrictive covenant,* reasonable attorney's fees, in addition to his costs and claim. [emphasis added]

From the statutory wording it is clear that the Defendant-Appellees did not "assert" and prevail in an "action for breach of a restrictive covenant," but only successfully defended the cause of action brought by the Plaintiff. For this reason, we hold that Appellees were not entitled to recover attorney's fees under Article 1293b.

Appellees further contend that even if they are not entitled to attorney's fees under Article 1293b, they are entitled to recover attorney's fees under Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon Supp.1980–1981). Article 2226 allows attorney's fees to be recovered on a valid claim founded on an oral or written contract. Appellees argue that the restrictive covenants at issue in the suit are contractual and that Article 2226 thus applies. However, neither by prior demand, nor in their pleadings, nor by requested special issues or findings, have the Appellees presented a claim as required by the statute. Therefore we hold that Appellees are not entitled to recover attorney's fees under Article 2226, or otherwise.

Accordingly, Appellant's contention that the amount of attorney's fees under Article 1293b must be determined by the court, and that therefore, the trial court erred in submitting the issue of attorney's fees to the jury, need not be addressed.

All other arguments of the Appellees have been carefully considered and overruled.

The Judgment is reversed in part and rendered so as to eliminate the award of attorney's fees to the Defendants-Appellees.

Reversed and rendered in part and Affirmed in part.