

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 26, 1997

Ms. Grace L. Davis, L.M.S.W.-A.C.P
Executive Director
Council on Sex Offender Treatment
1100 West 49th Street
Austin, Texas 78756-3183

Opinion No. DM-458

Re: Whether Family Code section 261.101(a) permits a registered sex-offender-treatment provider discretion to report information regarding possible child abuse (RQ-944)

Dear Ms. Davis:

Family Code section 261.101(a) requires a person who suspects that a child has been abused or neglected immediately to report the suspicion to the appropriate authorities. You ask whether, in the event a registered sex-offender-treatment provider obtains from a client dated or incomplete information suggesting that the client has abused a child, the treatment provider may use his or her "good judgment" in determining whether to report the information. The plain language of section 261.101(a) compels us to conclude that a treatment provider must report the information immediately if the information causes the treatment provider to believe that a child has been abused.

We understand that in the course of a sex-offender-treatment program, a treatment provider or affiliated-treatment provider (collectively, "treatment provider") may obtain information, through a client's statements or otherwise, that leads the treatment provider to believe the client may have abused a child (other than a child whom the client was convicted of abusing, we assume). You aver that your agency, the Council on Sex Offender Treatment, interprets the Family Code generally to require a treatment provider to report any allegation or statement of child abuse perpetrated by the client and disclosed to the treatment provider, as well as any suspicion the provider has of child abuse perpetrated by the client. You suggest, however, that the council has established an exception with respect to "incomplete or dated" information a treatment provider receives from a client. In that situation, the council apparently encourages a treatment provider to use his or her "good judgment" in deciding whether to report the information to the appropriate authorities. You ask if the council's exception is consistent with Family Code section 261.101. We assume, for purposes of our analysis, that the information, although it is incomplete or dated, causes the treatment provider to suspect that a child has been abused.

Family Code section 261.101(a) mandates immediate reporting of suspected child abuse: "A person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect by any person *shall immediately make a report* as provided by this subchapter." (Emphasis added.) When the legislature originally enacted the substance of

this requirement in 1971, it indicated its desire "to protect children . . . by providing for the *mandatory* reporting of suspected cases [of child abuse or neglect]."[1]  Thus, the reporting requirement expressly applies *without exception* to any individual whose personal communications normally are privileged.[2]  The report should reflect the reporter's belief that a child has been abused[3] and must identify the child if the child's identity is known.[4]

We conclude that the council's interpretation, permitting a treatment provider to decide whether to report suspected child abuse where the suspicion is premised upon incomplete or dated information, is contrary to section 262.101(a).[5]  As section 261.101(a) says, a person who suspects that a child has been abused *shall* report the suspicion, and shall do so *immediately*.  The term "shall" ordinarily signals a mandate,[6] and the term "immediately" underscores the mandate with a sense of urgency.  Conversely, we find no language in section 261.101(a) indicating that reporting suspected child abuse is discretionary[7] or establishing an exception where the suspicion is premised on information that is incomplete or dated.  Indeed, a person who knowingly fails to report suspected child abuse in accordance with Family Code chapter 261 commits a class B misdemeanor.[8]

---

[1]Act of May 24, 1971, 62d Leg., R.S., ch. 902, sec. 1, § 1, 1971 Tex. Gen. Laws 2790, 2790 (emphasis added).

[2]Fam. Code § 261.101(c).

[3]*Id.* § 261.102.

[4]*Id.* § 261.104.

[5]A court will not give weight to an agency's construction of an unambiguous statute if the construction is contrary to the statute's plain meaning.  Attorney General Opinion JM-1149 (1990) at 2; *see also Calvert v. Kadane*, 427 S.W.2d 605, 607 (Tex. 1968).

[6]*See Wright v. Ector Indep. Sch. Dist.*, 867 S.W.2d 863, 868 (Tex. App.--El Paso 1993, no writ) (citing *Inwood North Homeowners' Ass'n v. Meier*, 625 S.W.2d 742, 743 (Tex. Civ. App.--Houston [1st Dist.] 1981, no writ)).

[7]Your letter to this office suggests that you believe Family Code section 261.101(b) might apply because you seek clarification of section 261.101 as it requires all "professionals" to report suspected child abuse or neglect.  Subsection (b) requires a professional to report suspected child abuse within 48 hours after the suspicion arises.  By its terms, however, subsection (b) applies only to a professional who has direct contact with children in the normal course of his or her official duties.  We do not understand a treatment provider to have direct contact with children in the normal course of his or her official duties; we therefore need not consider whether a treatment provider is a "professional" in the word's broader sense.

[8]Fam. Code § 261.109.  We note that, under Family Code section 261.107, a person who knowingly or intentionally makes a report that the person knows is false or lacks factual foundation commits a class B misdemeanor.  We do not in this opinion determine what a false report is or what a report that lacks a factual foundation is.  In addition, whether in a particular situation treatment provider knows information is false or lacks a factual foundation is a fact question that cannot be resolved in the opinion process.  *See, e.g.*, Attorney General Opinions DM-98 (1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3; O-2911 (1940) at 2.  We do not believe, however, that a treatment provider who reports a suspicion of child abuse based on incomplete or dated information ordinarily may be convicted of making a false

(continued...)

Moreover, chapter 261 appears to contemplate that, in some situations, the reporter will not know all of the details. Section 261.104 implies, for example, that the reporter may not know the child's name or the identity of the child's caregiver. According to the statute, the report must reflect only the reporter's belief that a child has been abused.[9] So long as the reporter acts in good faith, he or she is immune from civil or criminal liability.[10]

In our opinion, Family Code chapter 261 confers discretion in whether to file charges of child abuse upon the investigating authority, the court, and the prosecutor, but confers no discretion upon the person who originally suspects that a child has been abused, e.g., a treatment provider. Once a treatment provider has reported the suspicion to an appropriate authority,[11] the authority will investigate the claim.[12] If, upon completing the investigation, the authority believes the claim of child abuse is substantiated, the authority may recommend to the court, the district attorney, and a law-enforcement agency that a petition should be filed against the alleged perpetrator.[13] The court then may direct a prosecuting authority to file appropriate charges.[14]

---

(...continued)
report or a report lacking a factual foundation under section 261.107.

[9]Fam. Code § 261.102.

[10]Id. § 261.106(a).

[11]See id. § 261.103 (listing agencies to which report of child abuse must be made).

[12]See id. §§ 261.301 - .302.

[13]Id. § 261.308(a), (b).

[14]Id. § 261.308(c).

## S U M M A R Y

Under Family Code section 261.101(a), a person who suspects that a child has been abused or neglected must report that suspicion immediately to the appropriate authorities. The Council on Sex Offender Treatment may not interpret section 261.101(a) to permit a registered sex-offender-treatment provider or affiliated sex-offender-treatment provider to decide whether to report a suspicion where the suspicion is based on dated or incomplete information.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General