Affirmed and Opinion filed June 19, 2007








Affirmed and Opinion filed June 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00960-CV

____________

 

DILSTON HOUSE CONDOMINIUM
ASSOCIATION,
Appellant

 

V.

 

DIANNE WHITE, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No.
789,086

 



 

O P I N I O N

In this appeal, we are asked to determine whether the trial
court erred by failing to award attorney=s fees and costs
of litigation to appellant, Dilston House Condominium Association, as the
prevailing party in a suit to enforce a condominium declaration and bylaws.  We
affirm. 








Factual
and Procedural Background

Dianne White, the owner of a condominium at Dilston House
Condominiums in Houston, sued the Association for allegedly violating the
condominium=s declaration, by-laws, and regulations by relocating
her parking space, placing a large dumpster in the adjacent space, and failing
to maintain the dumpster.  Ms. White asserted claims based on breach of
contract and negligence, and sought a permanent injunction, damages, and
attorney=s fees and costs. 
The Association answered and counterclaimed for attorney=s fees and costs
of court Apursuant to Plaintiff=s Restrictions@ and,
alternatively, Texas Property Code section 5.006 or Texas Civil Practice or
Remedies Code Chapter 38.

The case was tried to the court.  At the start of the
trial, Ms. White=s counsel, Mr. McLaurin, objected to one
of the Association=s counsel, Mr. Schimmel, testifying to the
Association=s attorney=s fees, because
Mr. Schimmel had not been designated as an expert.  The court did not rule on
this objection.  After several preliminary issues were addressed, the trial
proceeded with Ms. White=s testimony and the testimony of Mr.
McLaurin concerning White=s reasonable attorney=s fees.  Mr.
McLaurin testified concerning his experience as a lawyer, the time spent on the
case, the various filings and activities required, the time involved, and other
factors, and concluded that the amount of reasonable attorney=s fees incurred by
his client was $22,413.50.  After White rested her case, the Association moved
for judgment in its favor, which was denied.  The Association then rested
without calling any witnesses.  

The final judgment denies all of Ms. White=s claims, and
denies the Association=s claim for attorney=s fees and costs. 
The Association moved for reconsideration and to modify the judgment as to
attorney=s fees and costs,
arguing in part that it was entitled to reasonable attorney=s fees and costs
under section 82.161(b) of the Uniform Condominium Act, but the trial court
denied the motion.  This appeal followed.








Analysis
of the Association=s Issue

The Association contends the trial court erred in denying
its claim for attorney=s fees and costs and its motion for
reconsideration because an award is mandatory under section 82.161(b) of the
Uniform Condominium Act,[1]
which provides that A[t]he prevailing party in an action to
enforce the declaration, bylaws or rules is entitled to reasonable attorney=s fees and costs
of litigation from the nonprevailing party.@  See Tex. Prop. Code ' 82.161(b).  In
response, White asserts that the Association waived any claim for attorney=s fees because it
failed to present evidence to support an award, it did not plead that it was
entitled to attorney=s fees under section 82.161(b), and it is
not entitled to defensive attorney=s fees under
section 82.161.[2] 


Generally, the reasonableness of attorney=s fees is a
question of fact to be determined by the fact-finder and the award, if any,
must be supported by competent evidence.  See Bocquet v. Herring, 972
S.W.2d 19, 21 (Tex. 1998); Great Am. Reserve Ins. Co. v. Britton, 406
S.W.2d 901, 907 (Tex. 1966); see also Charette v. Fitzgerald, 213 S.W.3d
505, 513 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  The
party seeking to recover attorney=s fees carries the
burden of proof.  Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10
(Tex. 1991).  








The Association neither requested nor obtained findings of
fact and conclusions of law; therefore, on appeal we presume the trial court
made all findings in favor of its judgment.  See Pharo v. Chambers County,
922 S.W.2d 945, 948 (Tex. 1996).  Because a complete reporter=s record is a part
of the appellate record in this case, the Association may challenge the legal
and factual sufficiency of the trial court=s findings.  See
Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989).  We apply the same
standards of review to these challenges as those applied in the review of jury
findings.  See id.

At trial, the Association did not call any witnesses or
offer any documents relevant to its claim for reasonable attorney=s fees.  On
appeal, it relies on testimony elicited from White=s counsel, Mr.
McLaurin, during cross-examination.  The exchange between Mr. McLaurin and
another of the Association=s attorneys, Mr. Lambright,[3]
began as follows:

Q.      [Mr. Lambright] Briefly.  Do you feel that
your firm put significantly more effort into prosecuting this case than it
would take to defend this case?

A.      [Mr. McLaurin] Would you  repeat the
question?

Q.      Do you think that the amount of time and
effort and energy you-all put into this case approximately was a lot more than
it would take to defend this case?

THE COURT:  In other words do you expect both sides
to have spent about the same amount of energy, time and money?

A.      I would have to say I have no way of knowing
because I had not approached this from a defense perspective.  In order to
testify as to what a defense lawyer would have to do, I would have to put
myself in the place of a defense counsel and I might handle it differently; so,
no, I don=t agree with that assessment so I
didn=t.

Q.      Is it your testimony that you think your
attorney fees are significantly higher than defense attorney fees?

A.      I don=t know.  I have
seen no evidence of what defense=s attorney fees
are.  I have no way of knowing that.

After two additional questions and a discussion off the
record, Mr. McLaurin offered the following qualification of his previous
answer:








A.      [Mr. McLaurin] I would be of the opinion that
the correspondence and preparation for certain appearances in court would be
reasonably similar between sides but I would have to point out that counsel was
just substituted into this case a month ago; so, I do believe there could be
some duplication of attorney fees and new counsel coming in as well as the half
a dozen motions which were filed at the time that we had our last trial
setting.  So, I would . . . offset by those amounts.

Q.      [Mr. Lambright] Setting apart those
additional items you just put off to the side, would you agree with me that but
for those issues, somewhere in the range of 20 B 22 B 25 thousand dollars is reasonable attorney fees for the defense
counsel for trying the other side of this case?

A.      Yes.

It is this last exchange the Association contends supports
a judgment awarding it $22,413.50 for reasonable attorneys fees and costs
through trial, an additional $10,000.00 for a successful appeal, and $5,000 in
the event of a successful appellate defense in the Supreme Court of Texas, as
well as costs of court.[4] 
Alternatively, the Association contends the exchange constitutes at least Asome evidence@ entitling it to a
remand on the issue of reasonable attorney=s fees under
section 82.161.

Initially, we reject the Association=s contention that,
on this record, it is entitled to the specific amounts requested.  There is no
evidence to support an assumption that its attorney=s fees would be
the same as the amount Ms. White=s attorney
testified was the amount of his reasonable attorney=s fees.  In fact,
Ms. White=s attorney testified that he did not know what a
reasonable defense attorney=s fee would be and he had seen no evidence
of defense counsel=s fees in this case.  

We turn next to the Association=s contention that
the record contains Asome evidence@ of its reasonable
fees based on Ms. White=s counsel=s conditionally
affirmative response to the question whether a range of $20,000 to $25,000 was
a reasonable fee for defense counsel. 








The testimony of Ms. White=s counsel
demonstrates that he did not know whether the Association=s attorney had
spent the same amount of energy, time, and money on the defense as he had spent
on Ms. White=s case.  The Association=s counsel did not
make any attempt to quantify the Acorrespondence and
preparation for certain appearances in court,@ which Ms. White=s counsel opined
could be Areasonably similar.@  On these facts,
an opposing counsel=s opinion that a reasonable fee for the
defense of the case would be an amount somewhere within a range is not evidence
that the Association actually reasonably incurred such attorney=s fees.

The Texas Supreme Court has identified the factors the
trial court is to consider in evaluating the reasonableness of attorney=s fees.  See
Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.
1997) (identifying non-exclusive list of factors the trial court should
consider).  General statements of reasonableness are insufficient to support an
award of attorney=s fees.  See Sieber &
Calicutt, Inc. v. La Gloria Oil & Gas Co., 66 S.W.3d 340, 351 (Tex.
App.CTyler 2001, pet.
denied) (holding trial court did not abuse its discretion in failing to award
attorney=s fees in contract
dispute when attorney testified amounts were reasonable but failed to testify
concerning Arthur Andersen factors); Nguyen Ngoc Giao v. Smith &
Lamm, P.C., 714 S.W.2d 144, 149 (Tex. App.CHouston [1st
Dist.] 1986, no pet.) (noting that an attorney=s general
statement that the amount sought is reasonable and necessary will not support
the issue of reasonableness); see also Replacement Rent-A-Car, Inc. v. JCD,
Inc., No. 05-92-00379-CV, 1992 WL 379424, at *4 (Tex. App.CDallas 1992, no
pet.) (not designated for publication) (holding that counsel=s testimony that a
reasonable attorney=s fee for an appeal would be >[p]robably four to
five thousand dollars@ was too vague to prove conclusively a
reasonable attorney=s fee for an appeal). 

Before a court can award attorney=s fees, the party
requesting the fees must prove they are reasonable and necessary.  Manon v.
Tejas Toyota, Inc., 162 S.W.3d 743, 751 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Even when an award of attorney=s fees is
mandatory under an applicable statute, the requesting party is still required
to offer evidence to support an award.  See id.; Sieber & Calicutt,
Inc., 66 S.W.3d at 351.  We hold that, on these facts, the Association
failed to meet its burden of proof and, therefore, the trial court=s judgment is
supported by the evidence.  See Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986) (the appellate court may set aside a verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust). 








Because the trial court=s judgment denying
the Association=s attorney=s fees and cost in
this case is supported by the evidence, the case law the Association relies on
to support a remand for a new trial is distinguishable.  See Great Am.
Reserve Ins. Co., 406 S.W.2d at 907 (remanding for a new trial on attorney=s fees when
plaintiff=s award of $4,000 in attorney=s fees was
unsupported by legally sufficient evidence); Cale=s Clean Scene Car
Wash, Inc. v. Hubbard, 76 S.W.3d 784, 787 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (affirming trial court=s disregard of
jury=s award of zero
attorney=s fees when party
was entitled to attorney=s fees and attorney presented
uncontradicted evidence of reasonable fees supporting trial court=s award); Inwood
North Homeowners= Ass=n, Inc. v. Meier, 625 S.W.2d 742,
745, 746B47 (Tex. Civ. App.CHouston [1st
Dist.] 1981, no writ) (remanding for determination of reasonable attorney=s fees when trial
court could have determined amount from extensive evidence presented but did
not do so).  These cases do not hold that a trial court errs by refusing to
award attorney=s fees when a party fails to satisfy its burden of
proof to demonstrate the reasonableness of the attorney=s fees requested.[5]









Finally, the Association contends the trial court may take
judicial notice of the factors a court should consider in awarding attorney=s fees, citing Musgrave
v. Brookhaven Lake Prop. Owners Ass=n, 990 S.W.2d 386
(Tex. App.CTexarkana 1999, pet. denied).  In that case, the trial
court awarded attorney=s fees under Property Code section 5.006 Aas determined by
judicial notice.@  Id. at 401.  On appeal, the
appellate court determined that the trial court could take judicial notice of
its own file to provide the information it needed to consider awarding attorney=s fees under the statute. 
See id. at 401B02.  However, the Musgrave court
did not hold that the trial court is required to take judicial notice of
factors relevant to attorney=s fees, and the Association does not cite
any authority stating a trial court commits an abuse of discretion by not
taking judicial notice regarding attorney=s fees.  We note
that the Association did not request the trial court to take judicial notice
during the trial. 

Further, an argument that Texas Civil Practice and Remedies
Code section 38.004 authorized the trial court to take judicial notice
regarding attorney=s fees is without merit.  The Association
seeks attorney=s fees under Uniform Property Code section 82.161(b)
only.  This court has held that a trial court may not use Texas Civil Practice
and Remedies Code sections 38.003 and 38.004 to take judicial notice of the
reasonableness of attorney=s fees in cases brought under statutes
other than Texas Civil Practice and Remedies Code section 38.001.  See,
e.g., Charette v. Fitzgerald, 213 S.W.3d 505, 514B15 (Tex. App.CHouston [14th
Dist.] 2006, no pet.) (vacating attorney=s fee awarded
pursuant to Texas Property Code section 92.0081); London v. London, 94
S.W.3d 139, 147B49 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (holding trial court erred in awarding attorney=s fees under Family
Code in absence of supporting evidence). 

Accordingly, we overrule the Association=s issue.

Conclusion

We affirm the trial court=s judgment.

 

 

/s/      Margaret Garner Mirabal

Senior Justice

 

Judgment rendered
and Opinion filed June 19, 2007.

Panel consists of
Justices Anderson, Frost, and Senior Justice Mirabal.[6]










[1]  See Tex.
Prop. Code '' 82.001B.164.





[2]  To resolve this appeal, we will assume, without deciding, that the
Association sufficiently pleaded for attorney=s fees and that a defending party may qualify as a
prevailing party entitled to attorney=s fees under section 82.161(b).  Thus, the dispositive
issue becomes whether the trial court erred in refusing to award attorney=s fees and costs to the Association
based on the record evidence.  





[3]  Both Mr. Lambright and Mr. Schimmel initially
appeared on behalf of the Association.





[4]  Ms. White=s
attorney testified that $22,413.50 is the amount Ms. White had reasonably
incurred.  Ms. White=s attorney did not testify about appellate attorney=s fees at all, and neither did any other witness.





[5]  For the same reason, the Association=s contention that several cases cited by Ms. White
support a remand is without merit.  See McMillin v. State Farm Lloyds,
180 S.W.3d 183, 211 (Tex. App.CAustin 2005,
pet. denied) (reversing and remanding jury=s
award of zero attorney=s fees because not supported by the evidence); Sieber & Calicutt, Inc., 66 S.W.3d at 351 (no error in trial court=s refusal to award attorney=s
fees when requesting party failed to prove fees requested were reasonable); Nguyen
Ngoc Giao, 714 S.W.2d at 149 (reversing and remanding grant of summary
judgment awarding attorney=s fees when
opposing party presented evidence raising material fact issues regarding
reasonableness of fees). 





[6]  Senior Justice Margaret G. Mirabal sitting by
assignment.