ACCEPTED
01-14-00969-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/25/2015 1:30:37 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00969-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/25/2015 1:30:37 PM

CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## AT HOUSTON, TEXAS

BRYAN BLACK,

Appellant

v.

SMITH PROTECTIVE SERVICES, INC.,

Appellee

On Appeal from the 189th Judicial District Court
The Honorable William R. Burke, Judge Presiding

## CROSS-APPELLANT'S BRIEF

TODD H. TINKER
State Bar No. 20056150
TinkerLaw@TinkerLaw.com
LAW OFFICE OF TODD H. TINKER, PC
P.O. Box 802606
Dallas, TX 75380
Telephone: (214) 914-3760
Facsimile: (214) 853-4328

ATTORNEY FOR APPELLEE

## IDENTITY OF THE PARTIES AND COUNSEL

APPELLANT/CROSS-APPELLEE:    ATTORNEY FOR APPELLANT/
CROSS-APPELLEE:

Bryan Black    Patrick Hubbard
("Black")    State Bar No. 10139500
phubbard@patrickhubbardlaw.com
HUBBARD LAW FIRM
1075 Kingwood Dr., Suite 203
Kingwood, TX 77339
Telephone:  (281) 358-7035
Facsimile:   (281) 358-7008

APPELLEE/CROSS-APPELLANT:    ATTORNEY FOR APPELLEE/
CROSS-APPELLANT:

Smith Protective Services, Inc.    Todd H. Tinker
("Smith")    State Bar No. 20056150
TinkerLaw@TinkerLaw.com
LAW OFFICE OF TODD H. TINKER, PC
P.O. Box 802606
Dallas, Texas 75380
Telephone:  (214) 914-3760
Facsimile:   (214) 853-4328

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1.    Is Smith entitled to recover its attorney's fees and costs from plaintiff?. 2

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

## STATE CASES

*Inwood North Homeowners' Ass'n, Inc. v. Meier*,
625 S.W.2d 742, 743 (Tex. Civ. App. - Houston [1st Dist.] 1981, no writ). . . . . 2

## MISCELLANEOUS

Tex. Civ. Pract. & Rem. C. §42.001, *et.seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . v., 3

Tex. R. Civ. Pro. 167.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v.

## STATEMENT OF THE CASE

Black filed this suit against Muhammad Zaffar ("Zaffar"), Smith, and the owners/managers of the condominium complex at which the relevant events took place. Black alleged that he had been falsely arrested and maliciously prosecuted following his arrest pursuant to an assault charge filed by Zaffar. Black was no-billed by the grand jury.

Smith was granted judgment on both traditional and no-evidence summary judgment motions. A non-jury trial was held, at which Black was granted judgment against Zaffar, the only remaining defendant.

Smith filed a Motion for Attorney's Fees pursuant to TRCP 167.2 and Tex. Civ. Pract. & Rem. C. §42.001 *et.seq.*, which Motion was denied by the trial court without explanation. A copy of the signed Order for Interlocutory Summary Judgment [CR 621] is filed herewith as Appendix A, a copy of the Motion for Attorney's Fees [CR 632-41] is filed as Appendix B, a copy of Plaintiff's Response [CR 642-49] is filed as Appendix C, a copy of Smith's Reply to Plaintiff's Response [CR 652-54] is filed as Appendix D, and a copy of the Order denying Motion for Attorney's Fees [CR 655] is filed as Appendix E.

**ISSUE PRESENTED**

1.      Is Smith entitled to recover its attorney's fees and costs from plaintiff?

## STATEMENT OF FACTS

Zaffar, a defendant in this matter, had been posted by Smith at the vehicle entrance to a condominium complex at which Black was living. Irritated because Zaffar refused entry to a guest of one of Black's friends, Black drove down to the gate area, parked, exited his vehicle, and proceeded to loudly berate Zaffar for his actions, shouting and using profane language while doing so.

Upon completing his shift, Zaffar went to a Houston Police Department sub-station and filed a criminal assault charge against Black. After speaking with Zaffar, and unsuccessfully attempting to speak with Black, the investigating officer referred the matter to an Assistant District Attorney, who caused an arrest warrant to be issued for Black.

Black was subsequently arrested, incarcerated from early on a Friday evening until early Sunday morning, and released on bail. Black instituted this suit against the owners and management of the condominium complex, Zaffar, and Smith. The condominium defendants were dismissed and on August 20, 2014, the trial court signed an Order granting Smith's Motions for No-Evidence and Traditional Summary Judgment, dismissing all of Black's claims against Smith [Appendix A].

When the case was called to trial, in the absence of an appearance by Zaffar, Black submitted his evidence to the court without a jury, and judgment was granted in his favor and against Zaffar on September 23, 2014 [CR, pp. 630-31].

Smith filed its Motion for Attorney Fees Award on September 25, 2014 [Appendix B].  By Order dated December 3, 2014, the trial court denied Smith's Motion for Attorney's Fee Award [Appendix E].  Smith appeals this Order.

## SUMMARY OF THE ARGUMENT

The trial court erred in denying Smith's Motion for Award of Attorney's Fees as, upon proof of compliance with the statutory and procedural requirements, such an award was mandatory, and not within the trial court's discretion as to whether to grant to deny an award.

## ARGUMENT AND AUTHORITIES

1. **Is Smith Entitled to Recover its Attorney's Fees and Costs from Plaintiff?**

Smith incorporates in the entirety the evidence and arguments submitted to the trial court in Appendices B and D.

As authority for the proposition that an award of attorney's fees to Smith was mandatory rather than discretionary, Smith relies on *Inwood North Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 743 (Tex. Civ. App. - Houston

[1ˢᵗ Dist.] 1981, no writ).  The applicable statute, Tex. Civ. Pract. & Rem. C. §42.004 provides that, "(a) If a settlement offer is made and rejected and the judgment to be rendered will be significantly less favorable to the rejecting party than was the settlement offer, the offering party **shall** recover litigation costs from the rejecting party." [emphasis added].

Accordingly, as Smith provided the trial court with evidence that it filed the requisite declaration, made a settlement offer to Black which was rejected when not timely accepted, and the judgment (dismissal) was significantly less favorable to Black than the settlement offer, Smith demonstrated its entitlement to attorney's fees and costs as a matter of law.

### CONCLUSION AND PRAYER

In the absence of any findings of fact or conclusions of law by the trial court regarding its denial of Smith's Motion for Award of Attorney's Fees, this Court is essentially forced to review the trial court's ruling de novo.  The evidence is undisputed that Smith complied with the applicable statute, presented the trial court with both evidence of its compliance, and evidence of the reasonableness of the fees and costs sought to be recovered.  Accordingly, the trial court erred in denying Smith its fees and costs and this Court should reverse the trial court's judgment in this regard and render judgment that Smith recover its reasonable

3

attorney's fees in the amount of $8,125.00 and costs in the amount of $8,793.97,

for a total judgment against Black in the amount of $16,918.97, plus applicable

pre and post-judgment interest.

Smith prays for judgment in this amount, and such other and further relief,

at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,
LAW OFFICE OF TODD H. TINKER, PC
P.O. Box 802606
Dallas, Texas 75380
(214) 914-3760 (telephone)
(214) 853-4328 (facsimile)

By: _____
TODD H. TINKER
State Bar No. 20056150
TinkerLaw@TinkerLaw.com

ATTORNEY FOR APPELLEE/CROSS-
APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that on the 25th day of February, 2015, a true and correct copy of the above and foregoing has been served upon counsel of record via e-file and email as follows:

Via Email
Patrick G. Hubbard, Esq
phubbard@patrickhubbardlaw.com

_____
Todd H. Tinker